## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID SCHWARTZ,

      Plaintiff,

v.                          Case No: 2:21-cv-283-SPC-MRM

ADP, INC. and AUTOMATIC
DATA PROCESSING, INC.,

      Defendants.

_____/

### <u>OPINION AND ORDER</u>[1]

Before the Court is Defendants ADP, Inc. and Automatic Data Processing, Inc.'s (together, "ADP") Motion to Dismiss (Doc. 19). Plaintiff David Schwartz responded in opposition (Doc. 21). The Court grants and denies in part.

### BACKGROUND

This case arises from Schwartz's job with ADP. A few years ago, their relationship went awry. Schwartz alleges ADP has illegal business practices. After he blew the whistle on them, ADP retaliated. They locked him out of his laptop and iPad, then fired him.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After, ADP sued Schwartz in state court for breach of contract and taking trade secrets.  Schwartz counterclaimed for wrongful termination.  Later, ADP filed another state action for defamation.  Those cases are still pending.  When the state-court litigation got publicity, ADP started hacking into Schwartz's electronic communications and accounts.  Now in federal court, Schwartz brings a host of claims against ADP.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Courts must accept all well-pled allegations as true and view them most favorably to plaintiff.  *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

"A party may move for a more definite statement of a pleading . . . so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The motion "must point out the defects complained of and the details desired."  *Id.*  But this Rule cannot supplant discovery.  *Spiral*

*Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1282 (M.D. Fla. 2015).

## DISCUSSION

ADP challenges each of Schwartz's twelve claims for various reasons. The Complaint alleges identical causes of action against each Defendant. So similar claims are grouped below.

## A. Counts 1 and 7

To start, Schwartz sues for violating the Computer Fraud and Abuse Act ("CFAA"). According to him, ADP hacked into his electronic devices to take his information, including communications with his lawyers. ADP also allegedly accessed Schwartz Apple accounts, ID, iCloud, and applications (together, "Accounts"). Among other things, ADP wants a clearer pleading.

"While the CFAA was designed as a criminal statute to punish computer hacking, it does allow private civil actions in a narrow set of circumstances." *Fla. Atl. Univ. Bd. of Trs. v. Parsont*, 465 F. Supp. 3d 1279, 1290 (S.D. Fla. 2020) (citations omitted). "A CFAA claim has four elements: (1) a defendant intentionally accessed a protected computer; (2) without authorization or exceeding authorized access; and the defendant (3) thereby obtained information; and (4) the plaintiff suffered damage or loss of at least $5,000." *Hall v. Sargeant*, No. 18-80748-CIV-ALTMAN/Reinhart, 2020 WL 1536435, at *28 (S.D. Fla. Mar. 30, 2020).

To start, ADP contends Schwartz's various Accounts are unprotected devices under the CFAA. The Court agrees. Where relevant, a "protected computer" is "a computer . . . which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). And a computer is "an electronic . . . or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." *Id.* § 1030(e)(1). That definition might encompass Schwartz's laptop, iPhone, and iPad (together, "Devices"). Yet he provides no authority to support reading CFAA as somehow protecting the Accounts.

Even so, Schwartz alleges at least some of the Devices were intentionally accessed. But like ADP argues, it's unclear which Devices were hacked. This is notable here when the parties disagree whether Schwartz should even have certain Devices. Given the pleading of Accounts as protected computers and uncertainty on specific Devices in dispute, the Court grants ADP's request for a more definite statement.

For the sake of clarity, the Accounts may be relevant to the amended allegations on ADP accessing the Devices. And the largely unexplained exhibit does not clearly contradict Schwartz's access theory. For example, the Accounts all relate to Apple. So even if the exhibit does not prove access—as the parties dispute—it could suggest ADP accessed Apple computers. *See*

*Sargeant*, 2020 WL 1536435, at *28 (holding access to material stored in e-mail account actionable because the account was located on physical server (i.e., a protected computer)).   What's more, any dispute over the exhibit's meaning will not be resolved at the pleading stage without context on its full meaning.

Given that conclusion, the Court need not address ADP's remaining arguments.   At this point, the Court will not take judicial notice of a partial deposition Schwartz gave during the state-court proceedings.   The more definite statement may clear up that issue anyway.   And any issue with deficient alleged losses can be raised again if the amended complaint is lacking.

So Counts 1 and 7 must make a more definite statement.   On repleading, Schwartz should clarify the Devices accessed to support his claims.

## B.  Counts 2 and 8

Next, Schwartz seeks damages for Stored Communications Act ("SCA") violations.   A SCA claim arises after someone (1) "intentionally assesses without authorization a facility through which an electronic communication service is provided" or "exceeds an authorization to that facility"; and (2) "obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system."   18 U.S.C. § 2701(a); *see also id.* § 2707(a); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1321 (11th Cir. 2006).   ADP contends these claims fail for three reasons.

First, ADP challenges the Complaint for failing to allege a "facility" as defined by the SCA.  It says the Devices are not facilities.  To be sure, case law supports that interpretation.  *Stirling Int'l Realty v. Soderstrom*, No. 6:14-cv-1109-Orl-40TBS, 2015 WL 2354803, at *5-6 (May 15, 2015) (noting "a hard drive or personal computer" is not an SCA facility); *see United States v. Steiger*, 318 F.3d 1039, 1049 (11th Cir. 2003).  Yet Schwartz allegations relate to the Accounts—not the Devices.  And the Accounts are either cloud- or Apple-based systems used for storing electronic communications.  Those are the types of facilities the SCA generally protects.  *Id.*; *see also Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 962-64 (11th Cir. 2016); *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 792 (5th Cir. 2012).

Second, ADP contends Schwartz insufficiently pled intent in conflict with his own exhibit.  In support, it cites Judge Steele's recent decision for the proposition plaintiffs should support their SCA intent allegations with evidence.  *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, No. 2:18-cv-356-FtM-29MRM, 2020 WL 70977 (M.D. Fla. Jan. 7, 2020).  Yet *Skypoint* doesn't stand for that.  Rather, the case just held a pleading was enough on intent — in part—because it attached screenshots of text messages supporting some allegations.  The fact exhibits may support a pleading do not make them a necessity.  And the Complaint properly alleges ADP accessed the Accounts to collect Schwartz's communications (most notably those from his lawyer).

Likewise, ADP's arguments on a conflicting exhibit are misplaced. While the exhibit may not prove ADP accessed the Accounts, it is not inconsistent with Schwartz's story.

And third, ADP maintains Schwartz's communications were not "in electronic storage," as required. 18 U.S.C. § 2701(a)(2). It says opened e-mails are unprotected. While the Eleventh Circuit punted the issue, there is significant support elsewhere for ADP's position. *E.g.*, *Satori v. Schrodt*, 424 F. Supp. 3d 1121, 1132-34 (N.D. Fla. 2019). All the same, *Satori* was a summary judgment case, when the bar to go forward is much higher. The Court finds the allegations sufficient at this stage and leaves any resolution of the facts to a later day.

So Counts 2 and 8 survive.

## C. Counts 3 and 9

Moving on, the Court turns to claims under the Wiretap Act. This provides an action against someone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a); *see id.* § 2520(a). As defined, "intercept" is "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). So Wiretap Act plaintiffs must show "defendant (1) intentionally (2) intercepted, endeavored

to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." *Hamilton Grp. Funding, Inc. v. Basel*, 311 F. Supp. 3d 1307, 1314 (S.D. Fla. 2018).

Interception "encompasses only acquisitions contemporaneous with transmission." *Steiger*, 318 F.3d at 1047. In other words, "a contemporaneous interception—*i.e.*, an acquisition during 'flight'—is required to implicate the Wiretap Act with respect to electronic communications." *Id.* at 1048-49; *see also United States v. Barrington*, 648 F.3d 1178, 1202-03 (11th Cir. 2011). For that reason, "unauthorized access to an email account, standing alone, does not constitute interception." *Bruce v. McDonald*, No. 3:13cv221–MHT (WO), 2014 WL 931522, at *5-6 (M.D. Ala. Mar. 10, 2014) (collecting cases).

Schwartz does not dispute this legal requirement. Instead, he argues there is a factual dispute whether ADP contemporaneously intercepted his communications. Yet there can only be a factual dispute if the Complaint alleges facts plausibly supporting that element. Aside from bare legal conclusions on interception, the Complaint merely alleges ADP "repeatedly rout[ed]" his communications "through ADP's servers" by "using ADP's systems and devices to access" the Accounts. (Doc. 16 at 32-33, 41). This, however, says nothing about whether ADP's conduct was simultaneous with transmission of communications or after-the-fact access to the Accounts and

Devices.  *Cf. Gulf S. Commc'ns, Inc. v. Woof, Inc.*, No. 1:21-cv-40-ECM, 2021 WL 2405199, at \*2-3 (M.D. Ala. June 11, 2021) (holding specific allegation of employee accessing data during its transmission enough to plausibly allege claim).  Because Schwartz made no such allegations on contemporaneous interception, he must replead.  *See Denarii Sys., LLC v. Tellez*, No. 11-22149-CIV-WILLIAMS/O'SULLIVAN, 2011 WL 13322664, at \*7 (S.D. Fla. Oct. 14, 2011).

So Counts 3 and 9 fail to state a claim.  Schwartz can replead these claims to remedy the defect, provided such allegations are in good faith.

**D.  Counts 5 and 11**

Likewise, Schwartz brings claims under the Florida Security of Communications Act ("FSCA").  This statutory scheme was modeled after the Wiretap Act.  *Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. Dist. Ct. App. 2010).  And the causes of action are similar (if not identical).  *See* Fla. Stat. § 934.10(1); *see also id.* § 934.02(3) (defining intercept).

Given their similarity, "Florida follows federal courts as to the meaning of provisions" in FSCA.  *E.g.*, *Minotty*, 42 So. 3d at 831.  Neither side cites any Florida law on the issue of whether interception must be contemporaneous.  Nor does it appear any Florida courts directly addressed this issue.  One court (albeit in dicta) suggested Florida law is in line with federal court interpretation.  *O'Brien v. O'Brien*, 899 So. 2d 1133, 1136-37 (Fla. Dist. Ct.

App. 2005).  And at least one case held FSCA "does not provide a cause of action to those whose electronic communications were acquired from electronic storage rather than intercepted during contemporaneous transmission." *Handley v. Wilson*, No. 08-14444-CIV-MARTINEZ-LYNCH, 2010 WL 11607357, at *8-9 (S.D. Fla. Feb. 10, 2010).  Like above, the Complaint fails to plausibly allege any contemporaneous transmission.

So Counts 5 and 11 fail to state a claim.  Schwartz can replead these claims to remedy the defect, provided such allegations are in good faith.

## E.  Counts 4 and 10

Schwartz also sues for ERISA violations.  Specifically, ADP did not provide him with required notice about Consolidated Omnibus Budget Reconciliation Act ("COBRA") coverage.  Without notice, Schwartz could not make an informed decision—leading a loss insurance and putting off having a baby.  So Schwartz seeks statutory penalties.  ADP contends he lacks standing.

When a plan sponsor shirks its COBRA notification duties, plan participants can sue for damages.  29 U.S.C. §§ 1132(c)(1), 1166; *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1343-44 (11th Cir. 2001).  A "participant" is "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan."  29 U.S.C. § 1002(7).  Notably, "the statutory penalty for failing to provide plan documents to a

participant . . . is not a plan benefit" in itself. *Harzewski v. Guidant Corp.*, 489 F.3d 799, 805 (7th Cir. 2007).

To be sure, former employees may be ERISA participants. *LaRue v. DeWolf, Boberg & Assocs.*, 552 U.S. 248, 256 n.6 (2008). Yet participants must have a "colorable claim to vested benefits." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989) (citation omitted). "Eligibility is determined at the time that the lawsuit is filed." *Morrison v. Marsh & McLennan Co.*, 439 F.3d 295, 304 (6th Cir. 2006). So if Schwartz was "neither a participant nor a beneficiary under the [plan] at the time [he] commenced this action, [he] lacks standing to claim that [ADP] failed to produce requested Plan documents." *Morrison*, 439 F.3d at 304.[2]

Schwartz was a participant entitled to notice, even after being fired. At that time, he was eligible for benefits—COBRA coverage. Yet ERISA does not provide a cause of action to former participants. *Raymond*, 983 F.2d at 1534-35 ("The statute by its terms does *not* permit a civil action by someone who *was* a participant at the time of the alleged ERISA violation."). So Schwartz must still have been a participant when he sued. *Id.*; *Morrison*, 439 F.3d at 304; *Neuma*, 259 F.3d at 878 & n.10; *Winchester*, 942 F.2d at 1193-94.

---

[2] *See also Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 878 & n.10 (7th Cir. 2001) ("We have noted that a plaintiff must have a colorable claim for benefits not only when he requests plan information but also on the date when the party files suit."); *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1533-35 (10th Cir. 1993); *Winchester v. Pension Comm. of Michael Reese Health Plan, Inc. Pension Plan*, 942 F.2d 1190, 1193-94 (7th Cir. 1991).

The Complaint does not allege Schwartz is a participant with standing to sue for ERISA violations. Schwartz alleges ERISA violations and even his consequential losses. But on standing, there is nothing to suggest he was a participant on the date of filing. The ERISA violations revolve around failure to provide proper COBRA notice. And ADP points to an ERISA provision indicating COBRA coverage ends eighteen months after termination. 29 U.S.C. § 1162(2)(A); *see Geissal v. Moore Med. Corp.*, 524 U.S. 74, 80 (1998) ("If a qualified beneficiary makes a COBRA election, continuation coverage dates from the qualifying event, and when the event is termination or reduced hours, the maximum period of coverage is generally 18 months."). Because he sued nearly three years after his firing (i.e., the qualifying event), Schwartz's COBRA benefits expired. Without those, Schwartz must identify a colorable claim to some other current or future vested benefit.[3] The Complaint never does.

So Counts 4 and 10 fail for lack of standing. Schwartz can replead these claims to remedy the defect, provided such allegations are in good faith.

## F.  Counts 6 and 12

Finally, Schwartz alleges ADP violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

---

[3] At this point, it's safe to say neither side reasonably expects Schwartz to return to ADP.

FDUTPA bars "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The elements of the claim follow: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016).

"To satisfy the first element, the plaintiff must show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Id.* (cleaned up); *cf. Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.* 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015) (holding FDUTPA is no longer limited to consumers). As ADP argues, the Complaint does not plausibly allege that requirement. To be sure, the definition of "trade or commerce" is broad. *Global Tech Led, LLC v. Hilumz Int'l Corp.*, No. 2:15-cv-553-FtM-29CM, 2017 WL 588669, at *9 (M.D. Fla. Feb. 14, 2017). Yet it is unclear how Schwartz was a person misled by ADP's deceptive or unfair conduct in trade or commerce. Rather, the allegations focus on the bad end to the parties' employment relationship and current litigation.

Even leaving that aside, the Complaint fails to allege actual damages—an element of the claim. The parties point to different FDUTPA damages calculations. There is no need to settle how Schwartz damages might be computed though. At bottom, plaintiffs must suffer some loss in the form of actual damages. Fla. Stat. § 501.211(2); *Hilumz*, 2017 WL 588669, at *9. And

the allegations here never identify what Schwartz's damages might be. Importantly, consequential damages are not recoverable under FDUTPA. *E.g.*, *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010) (collecting cases).   At most, Schwartz identifies consequential losses flowing from ADP's hacking and failure to send documents.  With no facts to support actual damages, the claim falls flat.

So Counts 6 and 12 fail to state a claim.  Schwartz can replead these claims to remedy the defects, provided such allegations are in good faith.

## G.  Conclusion

Thus, the Court grants and denies the Motion in part.   In closing, however, the Court will make its expectations clear for both sides.  All lawyers appearing here are bound by the Florida Rules of Professional Conduct.  Local Rule 2.01(e).   The Court understands there is no love lost between these parties.  And counsel have been litigating related cases in state court for some time.  This case, however, is in its infancy.  Neither side has done anything warranting name calling.  Nor have anyone's actions approached sanctionable levels (as one brief demands).  Going forward, the Court expects counsel to be civil and work together where possible "to secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss, Motion for More Definite Statement, and Motion for Judicial Notice (Doc. 19) is **GRANTED and DENIED in part**.

    a.  Counts 1, 3, 4, 5, 6, 7, 9, 10, 11, and 12 are **DISMISSED without prejudice**.

    b.  The balance of the Motion is **DENIED**.

Plaintiff may **FILE** an amended complaint **on or before August 9, 2021**. **The failure to file a timely complaint will result in closing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 26, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record