**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAVID SCHWARTZ,

       Plaintiff,

v.                           Case No: 2:21-cv-283-SPC-MRM

ADP, INC. and AUTOMATIC
DATA PROCESSING, INC.,

       Defendants.
_____/

**<u>ORDER</u>**[1]

    This case arises from David Schwartz's former job with ADP.  After the Court's ruling on a motion to dismiss (Doc. 36), Schwartz filed a Second Amended Complaint (Doc. 41), which Defendants move to dismiss for failure to state a claim, arguing in part that the Second Amended Complaint is an impermissible shotgun pleading (Doc. 44 at 5).  Plaintiff responded in opposition but does not address the shotgun pleading issue.  (Doc. 47).

    Although the first two iterations were not, the Second Amended Complaint (Doc. 41) is an impermissible shotgun pleading, so the Court grants Defendants' Motion in this regard.

_____

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create shotgun pleading problems for everyone. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To put it mildly, "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* So when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

There are four impermissible shotgun pleadings, one of which is at issue here—when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321 (footnote omitted).

The Second Amended Complaint is a textbook shotgun pleading.  It contains twelve counts, each of which begins the same: "Plaintiff incorporates and readopts the allegations contained in paragraphs [] through [] [all preceding] paragraphs as if they were fully set forth herein." (Doc. 41 at ¶¶ 101, 107, 112, 126, 130, 135, 143, 149, 154, 168, 172).  So, each successive count carries the allegations from the other counts, and the final count combines the entire Second Amended Complaint culminating with: "Plaintiff incorporates and readopts the allegations contained in paragraphs 1 through 171 as if they were fully set forth herein." (Doc. 41 at ¶ 172).  This is a shotgun pleading and therefore violates the minimum pleading requirements.  *See Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017).  Because this is the first iteration with a shotgun pleading problem, the Court will allow Schwartz to amend.  *Shabanets*, 878 F.3d at 1296.

A few final matters.  The Second Amended Complaint also includes legal argument, such as a discussion on standing. (Doc. 41 at 41-42, 53-54).  Because this is improper, Plaintiff must eliminate any argument from his next pleading.  *See Antoine v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-CV-379-FTM-38MRM, 2019 WL 913358, at *1 (M.D. Fla. Feb. 25, 2019) (citation omitted).  Further, counsel must comply with the new Local Rules, including the typography requirements in Local Rule 1.08(a) (acceptable typefaces do not

include Bookman Old Style; margins must be 1 inch), and the conferral requirements in Local Rule 3.01(g), which addresses the procedure if the opposing party is unavailable. As explained in the Case Management and Scheduling Order (Doc. 27 at 3), failure to comply with Local Rule 3.01(g) may cause the Court to deny or strike a motion without further notice. The term "confer" requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred."

Accordingly, it is now

**ORDERED:**

1. Defendants' Amended Motion to Dismiss, Motion for More Definite Statement, Request for Judicial Notice, and Motion for Fees and Costs (Doc. 44) is **GRANTED to the limited extent the Second Amended Complaint is a shotgun pleading**.

2. The Second Amended Complaint (Doc. 41) is **DISMISSED without prejudice**. Plaintiff may file a Third Amended Complaint consistent with this Order **on or before October 5, 2021. Failure to do so will cause the closure of this case without further notice**.

3. Plaintiff's Motion to Amend his response in opposition (Doc. 47) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record