UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCHWARTZ,

    Plaintiff,

v.                                  Case No.: 2:21-cv-283-SPC-KCD

ADP, INC. and AUTOMATIC
DATA PROCESSING, INC.,

    Defendant.

## **ORDER**[1]

Before the Court is Defendants ADP, Inc. and Automatic Data Processing, Inc.'s (together, "ADP") Second Motion to Compel Better Responses And For Sanctions. (Doc. 84.) Plaintiff David Schwartz has filed a response (Doc. 87), making this matter ripe for review. The Court now grants in part and denies in part ADP's motion.

## I. Background

Schwartz is a former employee with ADP. After he was fired, Schwartz publicly accused ADP of illegal business practices. ADP then retaliated by

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

hacking Schwartz's electronic communications and accounts. This lawsuit followed. (See Doc. 1.)

The operative complaint contains a host of claims under state and federal law, but they all stem from the same core conduct: "ADP continues to . . . illegally access[] . . . Schwartz's Apple Accounts Apple IDs, Apple iCloud, Apple device applications and Apple iPhones, as well as intercepting emails and text messages and other communications." (Doc. 50 ¶ 79.)[2]

At issue are several interrogatories ADP served on Schwartz. (*See* Doc. 5-9.) According to ADP, Schwartz has either asserted improper objections or "dodged" providing meaningful responses. (*Id.*) Schwartz, for his part, stands by his objections. (Doc. 84 at 2-5.) He also claims that the interrogatories are duplicative because the information has "previously [been] provided." (*Id.* at 5.)

## II. Analysis

Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Consistent with this standard, the purpose of discovery is to allow a broad search for facts that may aid a party in the preparation or presentation of his case. See *Hickman v.*

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

Of course, the scope of permissible discovery is not unbounded. Discovery requests must be relevant, and they cannot be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Finally, even if the discovery sought satisfies these requirements, an opposing party need not respond where an appropriate privilege or protection applies.

Against this backdrop, the Court turns to the discovery in dispute. Given the nature of the claims, ADP served several interrogatories requesting Schwartz to identify the applications downloaded on his Apple devices:

> 3. For all iPhones or iPads currently in your possession, please go to the App Store app, hit the profile picture in the upper right corner, and then select "Purchased." Select "All" at the top of the Screen. In the search bar, perform a search for "InTune Company Portal". Please (a) identify the device you are using by model name/number (e.g., "iPhone X"); (b) state the names of any applications which appear under the search bar; (c) state the date under the names of each application; and (d) state whether it says "open" or has a "download" icon to the right of the application(s)' name.
>
> [To assist you in answering this Interrogatory, go to this site to see a visual depiction of these steps: https://www.businessinsider.com/howto-see-all-apps-ever-downloaded-on-iphone]

4. For all iPhones or iPads currently in your possession, please go to the App Store app, hit the profile picture in the upper right corner, and then select "Purchased." Select "All" at the top of the Screen. In the search bar, perform a search for "Company". Please (a) identify the device you are using by model name/number (e.g., "iPhone X"); (b) list the names of any applications which appear under the search bar; (c) state the date under the names of each\ application; and (d) state whether it says "open" or has a "download" icon to the right of the application(s)' name.

[To assist you in answering this Interrogatory, go to this site to see a visual depiction of these steps: https://www.businessinsider.com/howto-see-all-apps-ever-downloaded-on-iphone]

5. For all iPhones or iPads currently in your possession, please go to Settings and select General. Scroll down to find an option called "Profiles and Device Management." Please (a) identify the device you are using by model name/number (e.g., "iPhone X"); (b) state whether "Profiles and Device Management" appears under Settings/General; and (c) list what appears when you select "Profiles and Device Management."

6. For all iPhones or iPads currently in your possession, please go to Settings and select General. Please advise if any of the following words appear on the screen, including when you scroll down to the end (in singular or plural): "Profile," "Management," "Company," or "InTune." If so, please a) identify the device you are using by model name/number (e.g., "iPhone X") and (b) describe where and how those words appear.

([Doc. 84 at 5-6](#).)

Schwartz lodged the same objection to each interrogatory:

4

> Objection. This request is overbroad in that it is not limited to the phones discussed in the Complaint. If Defendant will limit the request to only the phones hacked that are listed in the complaint [sic], Plaintiff will comply with this request.

(Doc. 87 at 2-5.)

Schwartz does not dispute the relevance of the information ADP seeks. Nor could he. The complaint alleges that ADP is "illegally accessing" Schwartz's "Apple Accounts, . . . Apple Device Applications and Apply iPhones." (Doc. 50 ¶ 79.) ADP is thus allowed to inquire as to what applications Schwartz is using on his devices to, among other things, identify an alternative source of the alleged hack.

Schwartz's objection is instead tied to proportionality. He argues that ADP should be limited to information from the devices identified in the complaint. (Doc. 87 at 2.) The Court disagrees. Schwartz's claims are not anchored to specific Apple devices. He maintains that ADP hacked his "Apple Accounts, Apple IDs, Apple iCloud, [and] Apple device applications." (Doc. 50 ¶¶ 72, 112.) ADP's interrogatories are reasonable because Schwartz could have Apple devices tied to his account outside those identified in the complaint.

In response to ADP's motion, Schwartz also claims (for the first time) that the interrogatories are "duplicative" because he "previously provided the information on all effected devices." (Doc. 87 at 2-5.) If true, Schwartz should have said so in his interrogatory responses and not waited until now. That

5

aside, the Court cannot assess the accuracy of Schwartz's claim because he has not produced the discovery documents where the requested information is allegedly provided.

The Court will thus overrule Schwartz's objections and order him to answer the above interrogatories. This directive also comes with a warning. If any subsequent answer claims that Schwartz has provided the requested information, he must point ADP to the source. And, of course, any claim of prior production must be true. If the parties come back to Court and it is discovered that the information ADP seeks was not in fact included in a previous production as Schwartz claims, sanctions may be issued.

ADP also seeks Court intervention on a contention interrogatory[3] that seeks information about communications referenced in the complaint:

> Relative to paragraphs 108 and 161 of the TAC, identify the specific "electronic communications" which you contend that the Defendants unlawfully accessed.

(Doc. 84 at 9.) Schwartz responded to this interrogatory with:

> Text message from David Schwartz to Nate Webb and Attorney Client communications relating to arbitration in ADP vs David Schwartz, 2019-CA-003479.

(Doc. 87 at 6.)

---

[3] Contention interrogatories are interrogatories that seek the basis for an adversary's factual allegations or legal claims. *See Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-CV-1379-ORL-22, 2014 WL 186123, at *2 (M.D. Fla. Jan. 16, 2014).

ADP argues that Schwartz's response is deficient because it "is not sufficiently specific." (Doc. 85 at 9.) The Court agrees.

Schwartz's allegations are serious. If true, ADP not only hacked his personal messages, it also violated the sanctity of the attorney client relationship. The ramifications of such conduct need not be elaborated. But making such allegations imbues certain burdens on Schwartz. He must identify the hacked communications so ADP can investigate. Schwartz cannot vaguely refer to "text messages," as he has done, and believe his discovery obligations are complete. Such a response leaves ADP in the dark. Schwartz, at minimum, must provide some identifier for ADP to ascertain the communications he claims were impermissibly accessed. The Court thus overrules Schwartz's objections to the contention interrogatory and orders him to provide more detailed information, if known. *See Oliver v. City of Orlando, No. 6:06-cv-1671, 2007 WL 3232227, at \*2 (M.D. Fla. Oct. 31, 2007)* ("The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.").

One final issue. ADP requests sanctions under Fed. R. Civ. P. 37(a)(5). (Doc. 84 at 11-12.) Rule 37 requires a court to award attorney's fees and costs to the party that prevails on a motion to compel that was not substantially

7

justified, unless "other circumstances" would make such an award unjust. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313 (11th Cir. 2011).

The Court will not issue sanctions today. According to Schwartz, he has elsewhere provided the information ADP seeks in the disputed discovery requests. If true, that would give Schwartz a colorable defense and make his objections at least substantially justified. *See, e.g., Neumont v. Fla.*, 610 F.3d 1249, 1253 (11th Cir. 2010) (affirming the court's decision to grant four motions to compel but decline awarding sanctions).

That said, Schwartz is warned that this Court will no longer tolerate the "sluggish circle" of discovery that ADP outlines in its motion. (Doc. 84 at 2 ("[ADP] sends a detailed email . . . outlining the deficiencies in Schwartz's responses; (b) days go by until there is a 'good faith conference'; and then (c) there is a period of time until Schwartz provides amended responses.")). Discovery abuses or actions by either party not taken in good faith must now stop. The Court can ill afford to waste its resources supervising the parties' discovery, which is intended to be self-executing. *See Hunter's Ridge Golf Co. v. Georgia-Pac. Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006) ("Discovery is intended to operate with minimal judicial supervision[.]").

It is now **ORDERED**:

1. ADP's Second Motion to Compel Better Responses And For

Sanctions (Doc. 84) is **GRANTED IN PART AND DENIED IN PART**;

    2.    Schwartz must provide amended answers to the discovery requests consistent with this Order on or before **July 18, 2022**; and

    3.    All other requested relief is denied.

**DONE AND ORDERED** in Fort Myers, Florida on July 11, 2022.

*[Signature]*

Kyle C. Dudek
United States Magistrate Judge

Copies to:    Counsel of record