UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCHWARTZ,

    Plaintiff,

v.                                  Case No.:   2:21-cv-283-SPC-KCD

ADP, INC. and AUTOMATIC
DATA PROCESSING, INC.,

    Defendants.
                                          /

# **ORDER**[1]

Before the Court is the briefing on Defendants' Motion for Summary Judgment (Docs. 91; 94; 96; 103; 106).  Plaintiff seeks more discovery before a full merits response.  The Court construes this as a request under Rule 56(d).  *See Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988) (relaxing the requirement for an attorney to file an affidavit in support); *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287-88 (11th Cir. 2019) (reaffirming); *Shelton v. Bledsoe*, 775 F.3d 554, 566-68 (3d Cir. 2015) (holding a Rule 56(d) request need not come via formal motion).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

In general, courts should not grant summary judgment before the nonmovant can gather facts to oppose it. *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). So in response to a motion, a party may seek more time to take necessary discovery. Fed. R. Civ. P. 56(d). But those wanting the protection of Rule 56(d) cannot rely on vague assertions that more discovery is needed. *Miami Gardens*, 931 F.3d at 1287. Instead, a party "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (cleaned up).

After reviewing the briefing and record, the Court exercises its discretion to deny summary judgment without prejudice. *See id.* at 844 (reiterating Rule 56(d) "is infused with a spirit of liberality" (cleaned up)).

Plaintiff's argument on incomplete discovery is well taken. He points to outstanding discovery essential for opposing summary judgment. Apparently, Plaintiff did not receive some responses to written discovery until last month. So he needs time to take depositions and conduct more discovery in response. What's more, Plaintiff identifies a host of issues he intends to probe. Defendants counter that they provided discovery responses months ago and voluntarily updated them last month. Whatever the case, Plaintiff received new discovery somewhat recently and plans to follow it up with depositions.

Potentially significant discovery is outstanding, and Plaintiff identifies information he lacks but needs to respond to summary judgment. The issue is particularly pronounced here: with Defendants saying they're entitled to judgment largely because Plaintiff failed to present admissible evidence. *See generally* (Doc. 91). Discovery does not close for another two months, and dispositive motions aren't due until November. So summary judgment is premature, and there is good cause to grant Plaintiff's request for more time. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Classic Yacht Serv., Inc.*, No. 2:18-cv-153-FtM-99UAM, 2019 WL 1858294, at *1 (M.D. Fla. Apr. 25, 2019); *Mullins-Shurling v. Sch. Bd. of Lee Cnty.*, No. 2:15-cv-323-FtM-38CM, 2016 WL 3570958, at *1 (M.D. Fla. July 1, 2016). Defendants can simply move again for summary judgment after any necessary discovery takes place.

But Plaintiff should be aware this Court disfavors motions to extend its deadlines. (Doc. 27 at 2). Plaintiff has two months to complete any discovery necessary to oppose an inevitable renewed motion for summary judgment. Defendants are correct that discovery should be approaching its final stages by now. So while the Court will postpone summary judgment until the relevant deadlines run, it will be loath to extend any deadlines further.

Accordingly, it is now

**ORDERED:**

Defendants' Motion for Summary Judgment (Doc. 91) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 18, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record