IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 21-CV-00283-SPC-KCD

DAVID SCHWARTZ,

      Plaintiff,

v.

ADP, INC. and
AUTOMATIC    DATA    PROCESSING,
INC.,

      Defendants.

_____/

## MOTION FOR SANCTIONS DUE
## TO SPOLIATION OF EVIDENCE

Defendants, ADP, INC. ("ADP") and AUTOMATIC DATA PROCESSING,

INC. ("Automatic")(collectively "Defendants"), by and through undersigned counsel

and pursuant to Florida Rule of Civil Procedure 1.380(b)(2), hereby file this Motion

for Sanctions against the Plaintiff for his destruction of evidence, and state:

### OVERVIEW

This Motion for Sanctions arises from the Plaintiff's spoliation of electronically

stored information, specifically the contents of an iPad.  For three years after he was

terminated from ADP in mid-2018, Schwartz unlawfully refused to return an iPad

which ADP had issued to him during his employment.  Schwartz simply kept – *more*

*accurately, he stole* – the iPad.  During his employment, Schwartz used the iPad to access

his Apple ID on Apple servers; access ADP servers; access ADP's virtual private

{10601913: }

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

network; and use ADP applications.  In early 2020, Schwartz came to believe that there was an unexplained connection between servers owned by Apple, Inc. ("Apple") and ADP which somehow related to his Apple ID accounts.  A common-sense explanation is that the "connections" were made when (a) Schwartz was accessing his Apple ID accounts on the iPad which he stole from ADP and/or, in the background, (b) applications and security software on the iPad (the latter called "mobile device management software") were dutifully "pinging" Apple servers to verify the integrity of the device and the software.  We will never know.  When Schwartz finally returned the iPad to ADP in September 2021, the iPad was factory reset (erased) and missing its SIM card.

Schwartz's spoliation of the data on the iPad hampers, if not defeats, the Defendants' ability to conduct discovery and defend themselves.  Because the iPad was factory reset, all data on the iPad is lost.  It is reasonable to believe that the data and applications on the iPad would provide insight or even a complete explanation behind Schwartz's "connection" between ADP and Apple servers.  Now that evidence is gone.

Schwartz either intentionally destroyed evidence in his possession or he was grossly negligent in not preserving the iPad which is an obvious vector and source of evidence to explain the connection between Apple and ADP servers as it relates to Schwartz's Apple ID accounts.  Sanctions are warranted.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

## BACKGROUND FACTS

Plaintiff, DAVID SCHWARTZ ("Schwartz" or "Plaintiff"), filed his Third Amended Complaint ("TAC")(ECF No. 50) alleging various causes of action against the Defendants, including violations of the Wiretap Act, Stored Communication Act ("SCA"), and the Florida Security of Communications Act ("FSCA").  Schwartz contends that, after he was fired from ADP in July 2018, the Defendants allegedly "accessed" (for SCA purposes) or "intercepted" (for Wiretap Act and FSCA purposes) Schwartz's communications.[1]  Specifically, the Plaintiff contends that there is a "connection" of some kind between ADP and Apple servers across the internet which somehow relates to Schwartz's Apple ID accounts.  *See, e.g.,* TAC, paragraphs 71, 79, 80, 81.

After he was fired in July 2018, Schwartz admits that he retained the iPad which ADP had previously assigned to him for his job.  *See* TAC paras. 22, 23, and 81.  For three years thereafter, Schwartz unlawfully kept the iPad until he returned it to ADP in September 2021 when a state court order threatened him with jail if he did not comply.  See **Exhibit A,** Order on Plaintiff's Motion for Sanctions Against Defendant for Failure to Comply with Court Order.  Of note, Schwartz had ADP's iPad in his possession when he filed the instant lawsuit and kept it for several months during the

---

[1] In an effort to keep this Motion as concise as possible, a recitation of the facts and discovery in this case, as needed, may be found in Defendants' Motion for Protective Order (ECF No. 70), page 2-6.  Likewise, the Court may review the Undisputed Facts in Defendants' Motion for Summary Judgment (ECF No. 91, pages 4-11).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

discovery period; there was no question it was a source of valuable, relevant information about this case. Still, he spoliated the evidence (or allowed it to be spoliated).

The iPad is a critical source of evidence since Schwartz used the iPad to access his Apple ID account as well as ADP email, servers, and applications. It is undisputed that the iPad held both Schwartz's communications and Apple ID accounts and direct connection to ADP servers and applications. During his employment with ADP, Schwartz used the iPad extensively to connect to ADP's servers, ADP email, ADP's virtual private network, and ADP's various cloud-based applications (*e.g.*, Salesforce). *See* **Exhibit B**, Excerpts of Dec. 23, 2021, Deposition of Schwartz, lines 4-15, page 242. According to Schwartz, he did 90% of his work for ADP on the iPad and, without the iPad, it was "impossible to do [his] job." *Id.* at lines 6-7, page 184 and line 6, page 242. *See also* **Exhibit C**, Affidavit of Cindy Jimenez ("Jimenez Affidavit"), paragraphs 9-24.

The iPad was equipped with mobile device management software ("MDM Software") which ensures the integrity of its confidential and proprietary data and applications. *See* **Exhibit D**, ADP's June 30, 2022 Updated Answers to Interrogatories ("Updated Answers to Interrogatories"), Answer #3. ADP cannot determine which MDM Software was on the iPad because Schwartz erased the iPad. *Id.*; *see also* Exhibit C, Jimenez Affidavit, paragraphs 17-24. Either MDM Software would send and receive queries to and from the iPad and Apple servers. *See* Exhibit C, Jimenez

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

Affidavit, paragraphs 9-24; *see also* "Choose an MDM solution," https://support.apple.com/guide/deployment/choose-an-mdm-solution-dep1d7afa557/web (last visited July 20, 2022).  MDM Software, like that which was installed on the iPad before Schwartz erased it, is designed to send queries to and from the iPad and Apple servers regarding software information, applications, and basic "business-centric functionalities."  *Id.*  Once Schwartz was terminated, the iPad was un-enrolled from the list of devices which were supported by MDM Software however the MDM Software was (depending upon when Schwartz erased it) still on the iPad and would still be "pinging" Apple servers (some or all of those connections could come through ADP's servers, depending upon how the iPad was logged onto the internet).  *See* Exhibit C, Jimenez Affidavit, paragraphs 9-24.  **In short, during the 2020-2021 period when these "connections" occurred, the iPad was an intersection of Schwartz's Apple ID account(s), Apple servers, and ADP servers**.  However, with the iPad erased, Defendants and this Court are without critical evidence which Schwartz had wrongfully and exclusively possessed and spoliated.  *See Id.* at paragraphs 20-24; *see also* Exhibit D, Updated Answers to Interrogatories, Answers #1, 3, and 6.

Relative to his claim that Defendants were "hacking" him, Schwartz relies heavily, if not exclusively, on Exhibit R to the TAC which, according to him, includes "reports provided to Schwartz by Apple" with IP addresses and log-on dates.  TAC at paragraph 79 and Exhibit R to TAC.  However, Exhibit R to the TAC is a composite

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

exhibit which Schwartz compiled himself and it was the subject of Defendants'
pending Third Motion to Compel Better Responses to Discovery and for Sanctions
("Motion to Compel")(ECF No. 93).   As the Court can see, Exhibit R to the TAC is
silent as to who or what made the connection; how the connection was made; why;
for how long; or what data was accessed or intercepted, if any.   Schwartz admits that
Apple *never* told him that Defendants (or anyone else) were hacking his account(s) or
device(s).   *See* Defendants' Motion for Summary Judgment (ECF No. 91), page 11 and
Exhibit G.   Exhibit R to the TAC is Schwartz's <u>sole</u> evidence that someone was
"accessing" or "intercepting" his communications.   *See* Motion to Compel, page 4 and
exhibit C thereto.

Schwartz contends that the "connections continued after Schwartz returned the
iPad… on or about September 7, 2021" however Schwartz's claim about
"connections" (plural) is misleading.   TAC at paragraph 81.   There is *one date* after
Schwartz returned the iPad – September 11, 2021 – where ADP's IP address is listed
on Exhibit R to the TAC.   Exhibit R to TAC, page 43.[2]   Again, alone, Exhibit R to the
TAC provides no details about any "connection" other than a date and an IP address.

---

[2] Schwartz also installed MDM Software on his personal iPhone devices which could explain
some or all of the "connections" between Apple and ADP servers.   *See* **Exhibit E**, Schwartz's
May 10, 2022 Answers to March 4, 2022 Interrogatories, Answer #3; *see also* Exhibit C,
Jimenez Affidavit, paragraphs 25-31.   However, without access to the iPad, Defendants and
the Court are missing a critical and obvious source of data and evidence on the central issues
in this case.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

All of the other dates involving ADP's IP addresses listed in Exhibit R to the TAC occurred in 2020-2021 while Schwartz possessed ADP's stolen iPad.[3]

## SCHWARTZ ERASED THE iPAD & REMOVED THE SIM CARD

On September 7, 2021, Schwartz's counsel sent the iPad to Joan Nevedal ("Ms. Nevedal"), ADP's Senior Cyber Forensic Agent. *See* TAC at paragraph 81; *see also* Exhibit D, Updated Answers to Interrogatories, Answer #1. Upon Ms. Nevedal's examination of the iPad, it was discovered that the iPad was returned in a factory-reset status (erased). *Id.* Due to these factors, no forensic examination could be conducted and the information that once existed on the iPad could not be recovered. *Id.*

The spoliation caused by Schwartz's unlawful actions have prevented Defendants from obtaining such discovery or evidence, which is necessary to defend against the claims against them. *Id.* at Answers 1, 3, and 6. Schwartz should be subject to sanctions based on his spoliation of evidence and withholding of discovery.

Defendants aver that the iPad contained evidence about (a) Schwartz's Apple ID accounts on ADP's iPad; (b) how and when the iPad connected to Apple servers; (c) how Schwartz used the iPad to connect to ADP servers; (d) how the MDM software

---

[3] Exhibit R to the TAC is a 65-page document of which only pages 6-19, 22-35, and 38-48 reflect dates when someone or something allegedly "signed on" or "logged on" to Schwartz's Apple ID account(s). Of those 39 exhibit pages, half do not even include ADP's IP addresses. *See* TAC at paragraph 80 and *compare* Exhibit R to the TAC, pages 22-35 and 44-48 (19 pages). **Stated differently, despite Schwartz's exclusive reliance upon Exhibit R to the TAC, half of that unsworn document which Schwartz compiled does not even refer to ADP or support the Plaintiff's claims**.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

functioned and communicated with Apple, ADP, or other servers; (e) what applications or functions on the iPad communicated with Apple, ADP, or other servers; and (f) general iPad functionality and how/when it was used. *See* Exhibit C, Jimenez Affidavit, paragraphs 9-24.

## MEMORANDUM OF LAW AND ARGUMENT

### I.   <u>Authority Supporting the Imposition of Sanctions for Spoliation</u>

Spoliation is defined as the destruction, or significant and meaningful alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Landry v. Charlotte Motor Cars, LLC*, 226 So. 3d 1053 (Fla. 2d DCA 2017). Spoliation of evidence is a discovery violation warranting sanctions. *See Martino v. Wal-Mart Stores, Inc.*, 908 So. 2d 342, 347 (Fla. 2005).

Prior to exercising any leveling mechanism due to spoliation of evidence, a court must address a three-part threshold inquiry: (1) whether the evidence existed at one time, (2) whether the spoliator had a duty to preserve the evidence, and (3) whether the evidence was critical to an opposing party being able to prove its prima facie case or a defense. *Pena v. Bi-Lo Holdings, LLC*, 304 So. 3d 1254 (Fla. 3d DCA 2020) (citing *Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006)). The propriety of sanctions for failing to preserve evidence depends on 1) the willfulness or bad faith of the responsible party, 2) the extent of the prejudice suffered by the other party, and 3) what is required to cure the prejudice. *Nationwide Lift Trucks, Inc. v. Smith*, 832 So. 2d 824, 826 (Fla. 4th DCA 2002).

{10601913: }                                          8

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

### a.    Plaintiff Anticipated Litigation and Had a Duty to Preserve

Schwartz had a duty to preserve the "lost" ESI evidence (the iPad). "[O]nce a party reasonably anticipates litigation, it has an obligation to make a conscientious effort to preserve electronically stored information that would be relevant to the dispute." *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 2015 WL 403308, at *7 (M.D. Fla. Jan. 28, 2015) (citing *United States v. DSE, Inc.*, No., 2013 WL 610531, at *7 (M.D. Fla. Jan.17, 2013)).

Florida courts have recognized that a duty to preserve evidence can arise from a number of sources. *See, e.g., Gayer v. Fine Line Constr. & Elec., Inc.*, 2 So. 3d 296, 297 (Fla. 4th DCA 2008) (finding duty to preserve evidence can arise under statute); *Cont'l Ins. Co. v. Herman*, 576 So. 2d 313, 315 (Fla. 3d DCA 1990) (finding duty to preserve based on "legal or contractual duty"); *see also League of Women Voters v. Detzner*, 172 So. 3d 363 (Fla. 2015) (recognizing a duty to preserve evidence when litigation should reasonably be foreseen).

Litigation was reasonably foreseeable to Schwartz because he was sued for failure to return the iPad in 2018.  *See* TAC at paragraph 33.  Schwartz allegedly discovered the Apple-ADP "connection" in late February or early March 2020 but waited until April 2, 2021 to file suit.  *Id.* at 71; *see also* Complaint, ECF No. 1. Schwartz continued to possess the iPad for months after suit was in active discovery (April 2 – September 7, 2021). *See* TAC at paragraph 81; *see also* Exhibit D, Updated Answers to Interrogatories, Answer #1.  In addition to the general legal obligation not

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

to destroy evidence relevant to foreseeable litigation, Schwartz was under a contractual obligation not to destroy ESI pursuant to his restrictive covenant agreement. *See* **Exhibit F**, Complaint, *passim*, *ADP, Inc. v. Schwartz,* and exhibit A (paragraph 1(b)), exhibit B (paragraph 4(b)), and exhibit C (paragraph 6) thereto. The iPad is also specifically mentioned three times in the TAC. *See* TAC, paragraphs 22, 23, and 81. Finally, Schwartz was served with discovery requests about the iPad while he still possessed it. *See* **Exhibit G**, June 23, 2021 Interrogatories to Schwartz, #6-8.

Schwartz was unquestionably on notice of the evidentiary importance of the iPad and had a duty to preserve it.

**b.    ESI Was Destroyed Because Plaintiff Failed to Take Reasonable Steps to Preserve It.**

Schwartz did not take reasonable steps to preserve the ESI on the iPad. The Updated Answers to Interrogatories and the Jimenez Affidavit establish that the ESI contained on Schwartz's iPad is permanently lost and that (a) ADP did not erase the iPad and (b) there is no known way the iPad could erase itself. *See* Exhibit C, Jimenez Affidavit and Exhibit D, Updated Answers to Interrogatories.  The ESI was lost because Schwartz intentionally wiped the iPad after he had an obligation to preserve it; alternatively, Schwartz failed to preserve evidence in his custody and control.[4]  The

---

[4] It is anticipated that Schwartz, naturally, will blame ADP for the factory resetting of the iPad while it was in his possession.  Through counsel, Schwartz has already communicated his theory that ADP "remotely" erased the iPad.  In responding to this Motion for Sanctions, it is anticipated that Schwartz will not produce any evidence to support that claim (he will point to an ADP policy which does not reference "remote" erasure nor does it apply to devices

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

only step necessary to preserve the evidence here would have been for Schwartz to merely refrain from following the multi-step process to restore the iPad to its factory-reset setting, not remove the SIM card, and return the iPad to ADP.  *See* Exhibit C, Jimenez Affidavit, paragraphs 32-34.

### c.   The ESI Evidence on the iPad Is Not Recoverable.

"The final prerequisite to a spoliation finding is that the information 'cannot be restored or replaced through additional discovery.'" *Nationwide Life Ins. Co. v. Betzer, No. 5:18-CV-39-OC-30PRL, 2019 WL 5700288 (M.D. Fla. Oct. 28, 2019)*; Fed. R. Civ. P. 37(e). The Advisory Committee notes provide that loss of ESI from one source may be harmless if substitute information can be found elsewhere. *Id*. (citing Fed. R. Civ. P. 37(e), 2015 Notes of Advisory Committee).

Upon receiving the iPad nearly three (3) years after Schwartz's termination, ADP discovered that the iPad had been completely erased and missing the SIM card. The information that was destroyed is unique to the iPad.  The iPad had MDM Software on it, which might have explained the occasional "connection" between ADP and Apple servers complained about by Schwartz.  *See generally* Exhibit C, Jimenez Affidavit.  The iPad also had ADP applications when it was issued to

---

owned by ADP).  As explained herein, ADP has not and cannot remotely erase the iPad. Importantly, however, ADP also cannot remotely make a SIM card disappear.  The disappearance of the SIM card, coupled with the resetting of the iPad while in his possession, strongly suggests that Schwartz intentionally erased the iPad and destroyed the SIM card to eliminate all evidence of the iPad and its communications which strike the core of this action. At a bare minimum, the loss of both the contents of the iPad <u>and</u> the securely-installed SIM card indicate that Schwartz was not sufficiently diligent in protecting evidence.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

Schwartz. *Id.* at paragraph 12.  It would not be uncommon for the ADP applications to validate that they are legitimate copies from the App Store and "check in" with ADP and Apple, but this cannot be investigated due to the loss of the iPad contents. *Id.* at paragraphs 19; and 23-24. Finally, there likely would have been log files in iOS showing Schwartz's user activity which might coincide or explain the "connection" between Apple and ADP servers.  *Id.* at paragraphs 23-24.  All of this information is destroyed and leaves Defendants without the ability to investigate.  *Id.* at paragraph 21; *see also* Exhibit D, Updated Answers to Interrogatories.

The ESI evidence on the iPad is irretrievably lost. Unlike cases where electronically stored information is equally available to the requesting party from another source, the information here is not available to ADP through other third-party discovery because Schwartz wrongfully withheld ADP's property (and evidence) and then lost (or destroyed) it. The only known location for the lost ESI is on the iPad itself and Plaintiff has not identified any alternative locations, which would contain said information.  *Id.* at paragraphs 21; *see also* Exhibit D, Updated Answers to Interrogatories.

### d.    ADP is Prejudiced By the Loss of ESI and Plaintiff Acted With Intent to Deprive Under Rule 37(e)(2)

After determining that Schwartz spoliated ESI, the Court must then consider whether there is prejudice to Defendants from the loss of the information such that sanctions under subsection (e)(1) are warranted or whether the harsher penalties set

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

forth under subsection (e)(2), such as dismissal or adverse jury instructions are appropriate.

"An analysis of whether there is prejudice or an intent to deprive overlaps. While a finding that the loss of the information is prejudicial isn't sufficient to establish an intent to deprive (nor is a finding of prejudice necessary to find an intent to deprive), a finding of intent to deprive can support 'an inference that the lost information was unfavorable to the party that intentionally destroyed it' and 'also an inference that the opposing party was prejudiced by the loss of information that would have favored its position.'" *Id.* (citing Fed. R. Civ. P. 37(e), 2015 Notes of Advisory Committee). While the burden of establishing prejudice generally falls on the party seeking sanctions, courts acknowledge that it can often never be proven what was contained in destroyed evidence. *Id.* When resolving a spoliation issue, a court must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliator to profit from the destruction of evidence; however, it should not be inferred that missing evidence was unfavorable unless the circumstances surrounding the evidence's absence indicate bad faith." *See Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293 (M.D. Fla. 2009).

Under the circumstances, Plaintiff acted with the "intent to deprive" Defendants of the ESI in this case and in the other pending lawsuits involving the parties. Courts in the Eleventh Circuit have analyzed the "intent to deprive" standard under the Eleventh Circuit's definition of bad faith. *Nationwide Life Ins. Co. v. Betzer,*

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

5:18-CV-39-OC-30PRL, 2019 WL 5700288, at *10 (M.D. Fla. Oct. 28, 2019) ("The

Eleventh Circuit recently suggested that the "bad faith" standard and the "intent to

deprive" standard in Rule 37(e) are connected." (citing *ML Healthcare Services v. Publix

Super Markets, Inc.*, 881 F.3d 1293, 1308 (11th Cir. 2018)).

Defendants confirmed that the "wiped" state of the iPad could only be

attributed to deliberate and intentional actions.  *See* Exhibit C, Jimenez Affidavit at

paragraphs 21-23. Bad faith can be established directly, such as when evidence is

purposefully lost or destroyed. *Jetport, Inc. v. Landmark Aviation Miami, LLC*, No. 1:16-

CV-23303-UU, 2017 WL 7732869, at *2 (S.D. Fla. July 24, 2017). The substantial and

complete nature of the destruction of evidence by Schwartz alone justifies a finding

that the destroyed evidence prejudiced ADP. *See Brody*, 657 F. Supp. 2d at 1300.

In addition to the direct evidence of bad faith, the circumstances surrounding

the destruction of data and Schwartz's behavior leading up to the discovery of the

spoliation of ESI are indicative of his bad faith. To establish bad faith through

circumstantial evidence, the moving party must establish: (1) evidence once existed

that could fairly be supposed to have been material to the proof or defense of a claim

at issue in the case; (2) the spoliating party engaged in an affirmative act causing the

evidence to be lost; (3) the spoliating party did so while it knew or should have known

of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot

be credibly explained as not involving bad faith by the reason proffered by the

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

spoliator. *Brown Jordan Int'l, Inc. v. Carmicle*, No. 0:14-CV-60629, 2016 WL 815827 (S.D. Fla. Mar. 2, 2016), aff'd, 846 F.3d 1167 (11th Cir. 2017).

These elements have already been established. The spoliated evidence would have been critical to Defendants' ability to defend the allegations against them. It is difficult to imagine a single source of information that would be more highly relevant to the central issues in this case than the iPad which Schwartz used. Schwartz's claims against Defendants relate to violations of the SCA, Wiretap Act, and the FSCA; Schwartz alleged that Defendants "accessed" or "intercepted" Schwartz's communications. Needless to say, these claims are technical and require forensic analysis. Schwartz knew this; knew the iPad was relevant to this matter; and had a duty to preserve the ESI. Yet, Schwartz returned the iPad completely wiped of all information and missing the SIM card. This required more than one affirmative act on his part.

In this case, Schwartz had both the motive and opportunity to wipe the iPad of all data. Plaintiff likely wiped the iPad device for two reasons: (1) Schwartz wanted to prevent ADP from accessing information which supports his claims and defenses in the state court cases and/or (2) Schwartz wanted to destroy any evidence which would contradict his unsubstantiated claims relating to the connection between ADP and Apple servers.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

**e.     Sanctions Are Appropriate for Schwartz's Intentional Spoliation Under Rule 37(e)(2)**

Schwartz's deliberate deletion and destruction of evidence unquestionably constitutes bad faith, warranting the imposition of severe sanctions against him. Upon a finding that a party acted with the intent to deprive another of ESI, the Court may "(A) presume the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Schwartz, through his wrongdoing, has denied Defendants the opportunity to present evidence that potentially could have defeated any claims of wrongdoing against them. Sanctions for spoliation of evidence are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process. *Brody*, 657 F.Supp at 1302.

Defendants are cognizant that the dismissal of a party's pleading or striking of its defenses is a "heavy punishment, appropriate only as a last resort." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). However, the dismissal and striking of pleadings may be appropriate in situations such as the instant case, where lesser sanctions would not suffice to deter conduct or ensure the disobedient party's compliance. *People for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-CV-2899-T-36AAS, 2020 WL 897988 (M.D. Fla. Feb. 25, 2020).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

Defendants alternatively request that they be entitled to an inference and jury instruction at trial that the evidence destroyed by Schwartz would have been advantageous to Defendants and disadvantageous/adverse to his claims.  See Fed. R. Civ. P. 37(e)(2)(B). Finally, in addition to the other available sanctions the Court may and should enter against Plaintiff, Defendants request that the Court grant its fees and costs incurred in (1) determining that the evidence at issue had been spoliated and (2) bringing this action. This sanction is authorized by Federal Rule of Civil Procedure 37. *Nationwide Life Ins. Co. v. Betzer*, No. 5:18-CV-39-OC-30PRL, 2019 WL 5700288 (M.D. Fla. Oct. 28, 2019).

WHEREFORE, Defendants, ADP, INC. and AUTOMATIC DATA PROCESSING, INC., respectfully request that, pursuant to Federal Rule of Civil Procedure 37(e), this Court enter an Order dismissing this action with prejudice and awards its fees and costs, or in the alternative, establish an adverse inference against Plaintiff, together with any other such further relief this Court deems just and proper.

## <u>RULE 3.01(g) CERTIFICATION</u>

Defendants, by and through counsel, certify that they conferred with Schwartz's counsel on August 17, 2022 via a scheduled telephone conference regarding this Motion and the parties were unable to reach a compromise.

Case 2:21-cv-00283-SPC-KCD   Document 116   Filed 08/18/22   Page 18 of 18 PageID 2795

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-KCD
Defendants' Revised Motion for Sanctions

Dated: August 18, 2022.                    Respectfully submitted,
                                           MCDONALD HOPKINS, LLC
                                           *Attorneys for Defendants ADP, INC.*
                                           */s/ Christopher B. Hopkins*
                                           Christopher B. Hopkins, Esq.
                                           Florida Bar No. 116122
                                           chopkins@mcdonaldhopkins.com
                                           Craig S. Distel, Esq.
                                           Florida Bar No. 105098
                                           cdistel@mcdonaldhopkins.com
                                           Mario M. Ruiz, Esq.
                                           Florida Bar No. 894590
                                           mruiz@mcdonaldhopkins.com
                                           505 S. Flagler Drive, Suite 300
                                           West Palm Beach, FL 33401
                                           Tel: (561) 472-2121
                                           Fax: (561) 472-2122

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk using the CM/ECF system, which will send an electronic notice of filing to all attorneys of record on August 18, 2022.

                                           By: *Christopher B. Hopkins*
                                               Christopher B. Hopkins, Esq.

{10601913: }                               18