Exhibit D



## 2022 06 30 ADP Updated Answer-Objection to First Interrogatories Verified 10515000x7AB84.pdf

| | |
|---|---|
| DocVerify ID: | 95CC831C-027B-4DE7-8606-2BF696119D19 |
| Created: | June 30, 2022 10:16:49 -8:00 |
| Pages: | 10 |
| Remote Notary: | Yes / State: FL |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Joan Nevedal (JN)**
June 30, 2022 10:28:28 -8:00 [C04D0ECFFF74] [149.19.60.7]
Joan.Nevedal@ADP.com (Principal) (ID Verified)

**E-Signature Notary: Denise L. Doran (DLD)**
June 30, 2022 10:28:28 -8:00 [3422444336D0] [173.9.143.165]
ddoran@mcdonaldhopkins.com
I, Denise L. Doran, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 21-CV-00283-SPC-MRM

DAVID SCHWARTZ,

         Plaintiff,

v.

ADP, INC. and
AUTOMATIC DATA PROCESSING, INC.,

         Defendants.

_____/

## DEFENDANT ADP, INC.'S UPDATED ANSWERS AND OBJECTIONS TO PLAINTIFF DAVID SCHWARTZ'S FIRST INTERROGATORIES

Defendant, ADP, INC. ("ADP"), by and through undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby voluntarily serves its <u>updated</u> answers and objections to Plaintiff DAVID SCHWARTZ's ("Schwartz") First Set of Interrogatories dated August 2, 2021 as follows:

### General Objections

1.    Schwartz's definition in item "I" provides: "As used herein, the terms "you," "your," "Plaintiff", "Counter-Defendant" or "ADP" shall mean Plaintiff/Counter-Defendant, ADP LLC, to include any and all relevant related companies" but does not specify the name(s) of the related company(ies).  Also, ADP is neither the plaintiff or counter-defendant in this action.

2.    Schwartz's definition in item "O" provides: ""ADP" refers to ADP, LLC, individually, its predecessors, parents, affiliates, including ADP Broker Dealer

{10514993: }

1

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary



subsidiaries, directors, officers, members, employees, attorneys, partners, accountants, investigators, agents, representatives, and all other persons acting or purporting to act on behalf of ADP." This definition is overly broad, vague, and ambiguous; moreover, no such entities are mentioned in the operative complaint nor do they appear relevant to the claims and defenses in this case.

3.      ADP objects to Schwartz's customized "Instructions and Definitions" which provide customized definitions for common words or words which are defined by the Federal Rules of Civil Procedure or the Middle District Local Rules.  Either way, "burdensome 'boilerplate' definitions or instruction [should not] be used in formulating a document request…"  Middle District Discovery (2021) at Section III(A)(2).  In their Responses below, Defendants will not follow Plaintiff's "Instructions and Definitions" because "[w]ords used in discovery normally carry their plain and ordinary meaning" unless the Federal or Local Rules provide definitions. *Id.*  There are no words used herein which "requires a special or technical definition."  *Id.*  For example, Defendants will interpret and use the term "document" (singular and plural) as it is described in Federal Rule of Civil Procedure 34.

<u>Interrogatories</u>

1.      Provide the Mobile Equipment Identifier ("MEID"), International Mobile Equipment Identity ("IMEI"), and serial number of the iPad Schwartz allegedly stole from ADP.

**RESPONSE:   Objection, Schwartz appears to be needlessly requesting information which he already knows.  In Schwartz's Third Request to Produce in Case No. 18-CA-005454, Schwartz asks for information related to an iPad with serial number DMPS904GG5YL.   That can only be determined by accessing the subject iPad and scrolling down to the same area which also**

{10514993: }                                         2

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary



reveals the IMEI/MEID. *See* https://support.apple.com/en-us/HT204073 Stated differently, if Schwartz had access to the serial number of the iPad (which he unlawfully retained until September 2021), then he had access to the IMEI number.

At the time this Interrogatory was served in August 2021, ADP did not have possession, custody, or control of the iPad issued to Schwartz to verify these numbers. Schwartz wrongfully retained (stole) the iPad beginning in July 2018 when he was terminated and was under state court orders beginning in April 2021 to return the iPad to ADP. Schwartz resisted and refused until the state court issued an order that he would be arrested if he did not comply. In September 2021, Schwartz finally returned the iPad (more than three years after he wrongfully retained it and months after he initiated this action). Unfortunately, Schwartz returned the iPad in a factory-reset ("wiped") condition and without the SIM card, which is used to store networking and communication data. The delays and spoliation caused by Schwartz's unlawful actions have prevented Defendants, to date, from obtaining such discovery or evidence.

It is believed, but has not been verified, that the IMEI of the iPad is 352068074305807. According to Apple, the IMEI and MEID for an iPad are the same number. *Id.* In order to access the IMEI number, ADP would have to set up a new account on the subject iPad which would alter its current state; until this Court (and the state courts) hear and consider spoliation-related motions directed at Schwartz's factory-resetting of the iPad (and removal of the SIM card), ADP declines to alter the current state of the iPad.

{10514993: }                                    3

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary



2.     Please provide the names, contact information and job duties for all persons, 3rd party vendors and contractors tasked by ADP with, or responsible for monitoring Schwartz's electronic devices, Apple accounts, Apple IDs, Apple iCloud, Apple device applications, Apple devices, communications, and/or online activity between May 1, 2015 to the present date.

**RESPONSE: ADP raises several objections.**

**First, this Interrogatory is overly broad.  ADP's rights over its employees and ADP's own devices loaned to Schwartz during his employment is completely different than any rights or obligations after Mr. Schwartz was terminated in July 2018.**

**Second, ADP objects to the disproportionate scope and date range of this Interrogatory.  Plaintiff was an employee of ADP during this May 2015 - July 18, 2018 time period.  In the TAC, however, Plaintiff claims he was "hacked" <u>after</u> he was terminated on July 18, 2018.  _See_ TAC, paragraphs 39 and 81.  As such, the date range is overbroad and not reasonably related to the claims and defenses in this case.**

**Third, ADP objects to this request on the grounds that it seeks production of proprietary and trade secret information regarding employee and device policies for that time period when Mr. Schwartz was employed.**

**Fourth, ADP objects to the word, "monitored," as vague and ambiguous (see a discussion of how ADP uses this word in Response to Third Request for Production #1).  For example, ADP has viewed Mr. Schwartz's public blog and public social media postings.  There is no law against reading (or "monitoring") a person's public social media posts or other public internet activity and, as such, the same would not be a violation of the statutes at issue in this case.  Finally, Defendants also object because this Request is not limited to "unlawful" monitoring.**

**ADP does not object to this Interrogatory to the extent it is asking if ADP unlawfully monitored Mr. Schwartz's private devices, communications, applications, devices, or online activity after he was terminated in July 2018. Upon conferring with the relevant departments, the answer is no.**

{10514993: }                                    4

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com



3.      List the title and version number of any and all monitoring, tracking, management software and/or management profiles installed or executed by ADP on any electronic device, computer system, or account used or owned by Schwartz for the period May 2015 to the present date.

**RESPONSE: See the objections raised in Answer #2 which are adopted herein.**

**To the extent that this Interrogatory seeks the title and version number of any monitoring, tracking, or device management software or profiles installed on Schwartz's devices, upon information and belief, Schwartz installed AirWatch on at least one personal iPhone (see Response to Third Request for Production #2).**

**Upon further information and belief, either AirWatch or InTune was installed on the iPad which was issued to Schwartz, however ADP cannot verify the same because Schwartz retained the device for three years and then returned the iPad to ADP in a factory-reset (wiped) condition and without the SIM card.  ADP is not entirely clear what Schwartz means by "computer system" or "account" but, using ordinary definitions of those words, and after conferring with the relevant departments, ADP has not unlawfully monitored any computer system or account owned or used by Schwartz since he was terminated in July 2018.**

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com                                   Page 5 of 10        52BF696119D19

4.     Identify each computer system or program that is or has been used by any person employed by, contracted with, and/or under the direction or control of ADP to track, monitor, view, access, or store information relating to Schwartz, including, but limited to, any lawsuit between Schwartz and Defendant, including, but not limited to, desktop computers, servers, personal digital assistants (PDAs), portable computers, laptop computers, mobile phones and/or any and all other electronic devices. Include descriptions of equipment and any peripheral technology attached to such computer system or program during the period May 2015 to the present date.

**RESPONSE: See Objections and Answers to Interrogatories #2 and 3 which are adopted herein. ADP does not object to this Interrogatory to the extent it is asking if ADP unlawfully tracked, monitored, viewed, accessed, or stored information relating to Mr. Schwartz or his devices after he was terminated in July 2018. Upon conferring with the relevant departments, the answer is no.**

5.     Provide the name, contact information, job duties, and employer of each person that has knowledge of, and/or was notified about the connection between (ADP's servers and/or IP Address) and (Schwartz's Apple accounts, Apple IDs, Apple iCloud, Apple device applications and Apple devices) for the time period May 1, 2015 to the present date. In your response identify the specific type of knowledge each person has as well as when and how they obtained such knowledge.

**RESPONSE: See Objections and Answers to Interrogatories #2 and 3 which are adopted herein. The operative complaint does not even allege that there was a "connection" dating back to May 1, 2015. ADP does not object to this Interrogatory to the extent it is asking if ADP had knowledge or was notified**

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com                                    Page 6 of 10    62BF696119D19

**of the alleged "connection" prior to Schwartz filing this lawsuit.   Upon conferring with the relevant departments, the answer is no.**

6.      For the time frame July 19, 2018 to the present date, please explain how any connection between Schwartz's (Apple accounts, Apple IDs, Apple iCloud, Apple device applications and Apple devices) and (ADP's severs and/or ADP's IP addresses) occurred/was allowed and what steps ADP has taken in attempt to remove any connection between Schwartz's Apple accounts, Apple IDs, Apple iCloud, Apple device applications, and Apple devices and ADP's servers and/or IP addresses.

**RESPONSE: ADP has no such information.   We await discovery including subpoenaed information from Apple however this has been hampered by (a) Schwartz's dilatory discovery responses; (b) Schwartz's unlawful retention of the iPad until September 2021; (c) Schwartz's spoliation of the iPad by factory resetting it and removing the SIM card while it was in his possession; and (d) Schwartz's inability or unwillingness to produce the original .csv files which were supposedly provided to him by Apple and which supposedly make up Exhibit R to the operative complaint (a composite exhibit which Mr. Schwartz made himself).   Apple has indicated that it cannot respond to ADP's subpoena without (a) the original .csv files and (b) Schwartz's consent allowing Apple to respond to ADP's subpoena.   Our investigation is ongoing.**

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com                                                                        Page 7 of 10        72BF696119D19

## RULE 26 CERTIFICATION

The undersigned (Christopher B. Hopkins, Esq. of McDonald Hopkins LLC, 505 South Flagler Drive, Suite 300, West Palm Beach, Florida 33401, (561) 472-2121 chopkins@mcdonaldhopkins.com) certifies, to the best of his knowledge, information, and belief formed after a reasonable inquiry that these updated answers to interrogatories are complete and correct as of the time that they are made; consistent with the Federal Rules of Civil Procedure; are warranted by existing law (or are warranted by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law); are not interposed for any improper purpose; and are neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery, amount in controversy, and the importance of the issues at stake in the action.

By: *Christopher B. Hopkins*
Christopher B. Hopkins, Esq.

{10514993: }

8

Dated: June 30, 2022.

Respectfully submitted,
MCDONALD HOPKINS, LLC
*Attorneys for Defendants ADP, INC.*

/s/ *Christopher B. Hopkins*
Christopher B. Hopkins, Esq.
Florida Bar No. 116122
chopkins@mcdonaldhopkins.com
Craig S. Distel, Esq.
Florida Bar No. 105098
cdistel@mcdonaldhopkins.com
Mario M. Ruiz, Esq.
Florida Bar No. 894590
mruiz@mcdonaldhopkins.com
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Tel: (561) 472-2121
Fax: (561) 472-2122

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all attorneys of record using via electronic mail on June 30, 2022.

By: *Christopher B. Hopkins*
   Christopher B. Hopkins, Esq.

{10514993: }

9

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com

Page 9 of 10    92BF696119D19

## <u>VERIFICATION PAGE</u>

JOAN NEVEDAL ON BEHALF OF ADP, INC. (with assistance of counsel)



By:_____

Joan Nevedal,  Sr. Cyber Forensics Agent

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) |
| COUNTY OF PALM BEACH | ) |

06/30/2022

BEFORE ME, the undersigned authority, ☐ personally appeared ☒ appeared via online notarization, **Joan Nevedal** as **Sr. Cyber Forensics Agent** of **ADP, Inc., a Delaware corporation**, on behalf of the corporation, ☐ who is personally known to me or ☒ who produced <u>driver license</u> as identification, after being first by me duly sworn, deposes and state that he/she is the person described in and who executed the attached or foregoing Updated Answers and Objections to Plaintiff David Schwartz's First Interrogatories,  she acknowledged before me that the facts contained therein are true and correct.

WITNESS my hand and official seal at the State and County aforesaid, this 30th day of June, 2022.

Denise L. Doran
Signed on 2022/06/30 10:28:28 -8:00

**Denise L. Doran**
**Commission # HH 64531**
Notary Public - State of Florida
My Commission Expires Nov 27, 2024

Notary Stamp 2022/06/30 10:28:28 PST          34224A43X500

Notarial act performed by audio-visual communication

_____

NOTARY PUBLIC, State of Florida          06/30/2022

Denise L. Doran

_____

PRINTED NAME OF NOTARY PUBLIC

My Commission Expires:

{10514993: }                    10

DocVerify ID: 95CC831C-027B-4DE7-8606-2BF696119D19
www.docverify.com

95CC831C-027B-4DE7-8606-2BF696119D19 — 2022/06/30 10:16:49 -8:00 — Remote Notary