# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DAVID SCHWARTZ,

    Plaintiff,

                                CASE NO.   2:21-cv-283-SPC-MRM

v.

ADP, LLC, and
AUTOMATIC DATA PROCESSING, INC.

    Defendants.
_____/

## PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT, ADP, LLC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff, DAVID SCHWARTZ ("Schwartz" or "Plaintiff") hereby serves his answers to the following Set of Interrogatories propounded by Defendant ADP, LLC. ("Defendant") on March 4, 2022.

### PLAINTIFF'S ANSWERS TO FIRST INTERROGATORIES

1. Relative to the documents you produced, SCFED000238-253, state (a) from where, or from whom, you obtained this document and (b) the date you obtained this document.

**ANSWER:** SCFED000238-253 was first sent to Schwartz by Dean Gross on May 22, 2015 to Schwartz's personal email address, dschwartz456@yahoo.com. The same document was subsequently sent to Schwartz by Bret DiGiacomo on August 31, 2016 to Schwartz's personal email address, dschwartz456@yahoo.com.

2. Identify (a) any iPad or iPhone ("iOS Devices") in your possession or control from July 18, 2018 to the present by color, model name/number, serial number, and IMEI and (b) dates when you possessed or controlled those iOS devices.

**ANSWER: Objection. Not limited in scope. Overbroad. Seeks information for devices that have not been identified as being hacked or at issue in this litigation. All at-issue devices have been identified and previously provided by Plaintiff.**

3. For each iOS Device, state (a) whether AirWatch, InTune, or any other mobile device management software (collectively, "MDM Software") was installed on those devices while in your possession or control and (b) the dates that any MDM
Software existed on each of the iOS Devices.

**ANSWER: While employed by ADP, Schwartz was required to install ADP's MDM software on his personal cellular devices. One of which was VMware's AirWatch. Schwartz doesn't recall the exact dates he was required to install ADP's MDM software. Schwartz was also not aware that by doing so gave ADP the right to see, monitor and access the information, data, communication, activity, pictures, and/or videos on his personal cellular devices. Nor was Schwartz ever provided a disclosure to sign or acknowledge granting ADP the right or permission to have access to, monitor, or view the information, data, communication, activity, pictures and/or videos on his personal cellular devices. Defendants should have the requested information regarding dates and MDM Software it had installed on Schwartz's mobile devices.**

4. Relative to paragraphs 108 and 161 of the TAC, identify the specific "electronic communications" which you contend that the Defendants unlawfully accessed.

**ANSWER: Text message from David Schwartz to Nate Webb and Attorney Client communications relating to arbitration in ADP vs David Schwartz, 2019-CA-003479.**

2

5. Relative to paragraphs 116, 138, 169, and 191 of the TAC, identify the specific "communications" which you contend that the Defendants unlawfully intercepted contemporaneously with their transmission.

**ANSWER: Text message from David Schwartz to Nate Webb and Attorney Client communications relating to arbitration in ADP vs David Schwartz, 2019-CA-003479.**

Dated: May 4, 2022.

<u>**RULE 26 CERTIFICATION**</u>

The undersigned (Robert H. Goodman, Esq. of Parrish & Goodman, PLLC, 13031 McGregor Blvd., Suite 8, Ft. Myers, Florida 33919, (813) 643-4529 rgoodman@parrishgoodman.com) certifies, to the best of his knowledge, information, and belief formed after a reasonable inquiry that these discovery Responses are complete and correct as of the time it is made; consistent with the Federal Rules of Civil Procedure; are warranted by existing law (or are warranted by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law); are not interposed for any improper purpose; and are neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery, amount in controversy, and the importance of the issues at stake in the action.

/s/ Robert H. Goodman
Counsel for David Schwartz
Florida Bar No.: 1008059
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Primary Phone: (813) 643-4529
Secondary Phone: (239) 218-0799

Facsimile: (813) 315-6535
Primary: rgoodman@parrishgoodman.com
Secondary: admin@parrishgoodman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email to counsel for Defendant to Mruiz@mcdonaldhopkins.com   Chopkins@mcdonaldhopkins.com and Cdistel@mcdonaldhopkins.com, on this 10th day of May, 2022

/s/Robert H. Goodman
*Attorney*

## VERIFICATION

I have read the foregoing interrogatories and the answers thereto, and the answers are true and correct.

_____
David Schwartz

STATE OF FLORIDA
COUNTY OF LEE

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this 4TH day of M A Y 2022, by **David Schwartz**, who is personally known to me or who has produced _____ as identification.

_____
Notary Public

Printed Name Megan Shaw

My Commission Expires: 07/25/25



[Notary Seal]

5