IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 21-CV-00283-SPC-MRM

DAVID SCHWARTZ,

       Plaintiff,

v.

ADP, INC. and
AUTOMATIC     DATA     PROCESSING,
INC.,

       Defendants.

_____/

**DEFENDANTS MOTION FOR ATTORNEY'S FEES
PURSUANT TO 28 U.S.C. § 1927
AND THIS COURT'S INHERENT AUTHORITY
with incorporated Memorandum of Law**

Defendants, ADP, INC. ("ADP") and AUTOMATIC DATA PROCESSING, INC. (collectively "Defendants"), by and through undersigned counsel, hereby file this Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority against Plaintiff's counsel, Robert Goodman ("Attorney Goodman"), and his firm, Parrish & Goodman, PLLC ("P&G Firm"), and state:

Why was this suit filed, much less maintained? Was it to truly vindicate Schwartz's rights? The answer is "no."

From its April 2021 inception to the December 2022 summary judgment, this suit was designed to accomplish three improper goals.

{10903286:2 }

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

First, Attorney Goodman wanted to divert Defendants' attention and resources from the state court cases (where Goodman and P&G Firm are hoping to make their money). Attorney Goodman set this case in motion, put little effort to keep it alive, and stood back for nearly two years as Defendants had to file lengthy dismissal motions, compel discovery, undertake an extensive investigation, and ultimately file two summary judgment motions. Can this Court recall another case where, for nearly two years, a party served **no** subpoenas, filed no substantive motions[1], took no third party depositions, served scant discovery, and, in a technical case, hired no expert? It should be evident that – certainly by not seeking an expert – Attorney Goodman never intended to try this case. As detailed below, there were multiple points in this case when Attorney Goodman certainly knew that keeping this case alive, with no evidence or expert, was frivolous and in bad faith.

Specifically, Attorney Goodman needlessly kept this case alive between July – December 2022 for no reason other than to vexatiously multiply the proceedings and incur expense. In July 2022, Attorney Goodman begged this Court to delay ruling on Defendants' summary judgment with promises that he was going to (finally) begin working on his case. In the end, following six months of further inactivity, Attorney Goodman took one deposition four days before the discovery cutoff. Thereafter, he essentially re-filed the same Opposition to Defendants' renewed summary judgment

---

[1] The parties jointly filed motions relating to mediation and Schwartz sought an extension (Docs. 23, 25, 31, 33, 80).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

motion in December 2022 as he had done back in July 2022. But he had already succeeded. He kept the case alive – costing Defendants time and money – for an additional six months.

Second, from the inception, Attorney Goodman and P&G Firm knew that it would take little time and expense on their part to file and maintain this case while Defendants would have to expend hundreds of thousands of dollars to investigate, defend, compel, and ultimately prove a negative. Attorney Goodman filed and half-heartedly amended pleadings; he avoided answering discovery because he knew that Schwartz had no proof; he ignored several orders which repeatedly pointed out that the Plaintiff was producing conclusions but no evidence; Attorney Goodman issued no subpoenas; he barely conducted discovery; he took one deposition days before the close of discovery; he avoided summary judgment with false promises to the Court which kept this case alive from July – December 2022; and he hired no expert (in a technical case). There is no point on the docket where the Court can examine their behavior and accept that Attorney Goodman and P&G Firm were acting in good faith.

Third, on behalf of Schwartz, Attorney Goodman wanted to publicly humiliate Defendants.  More than half of the Complaint and most of the exhibits were unrelated, antagonistic claims which Schwartz (via Attorney Goodman) sought to amplify via the federal court system while hiding behind the litigation privilege. As this Court put it, "Schwartz's allegations are serious" (Doc. 98).  The intended damage, in the form of humiliation and expense, was done – thus far, without consequence.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

Alternatively, if the Court does not believe that sanctions are warranted for the *entire* case, Defendants request that the Court sanction Goodman and P&G Firm for their false promises to avoid summary judgment in July 2022 which unreasonably and vexatiously multiplied the proceedings and kept this case alive between July – December 2022 while Plaintiff took no action.

This Motion is filed pursuant to Federal Rule of Civil Procedure 54(d)(2). For the purposes of seeking entitlement to statutory attorney's fees under Rule 54(d)(2), the following section tracks the requirements of Local Rule 7.01(a) – (b), Middle District of Florida (2021):

1. Defendants are the prevailing parties in this matter. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995)(a defendant who obtains summary judgment in its favor is the prevailing party).

2. Defendants seek an order granting entitlement (only) to statutory attorney's fees. *See* Local Rule 7.01(a).

3. This Motion is filed within fourteen days after the entry of judgment. *See* Local Rule 7.01(b).

4. Within this case, Defendants seek entitlement to attorney's fees as prevailing parties pursuant to the December 29, 2022 Order and Opinion ("Order Granting Summary Judgment") and Judgment (Doc. 135)("Judgment"). *See* Local Rule 7.01(b)(1).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

5. Per Local Rule 7.01(b)(1), Defendants' statutory basis for attorney's fees and costs is grounded in 28 U.S.C. § 1927 and the Court's inherent authority.

6. The fair estimate of the amount sought is $250,000.00 in excessive attorney's fees incurred between April 2021 – December 2022 (inception of case to Judgment). *See* Local Rule 7.01(b)(2).

7. Alternatively, Defendants seek entitlement to attorney's fees from June 13, 2022 (Defendant's Motion for Summary Judgment)("First MSJ")(Doc. 91) to December 29, 2022 (Judgment). Those estimated attorney's fees are $100,000.

8. A memorandum of law is incorporated below. *See* Local Rule 7.01(b)(2).

## MEMORANDUM OF LAW

Defendants seek attorney's fees for the entire case against Attorney Goodman and P&G Firm pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers.

## I. Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority

Relative to Section 1927, this Court recently summarized the standard for imposing attorney's fees:

> Section 1927 governs a lawyer's liability for excessive costs. It lets a court require an attorney, "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

> Before a court imposes liability, three musts are needed: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must multiply the proceedings; and (3) the sanctions cannot exceed the costs occasioned by the objectionable conduct. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

> An attorney multiplies proceedings "unreasonably and vexatiously" when his conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quotation omitted). In considering § 1927 liability, a court generally compares the attorney's conduct against the conduct of a "reasonable" attorney and decides whether the conduct was acceptable based on an objective standard. *Id. at 1239-40*. Because of its penal nature, courts strictly construe § 1927. See *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010).

Pertinent here, Section 1927 applies to unnecessary filings after a lawsuit has begun in federal court. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006).*2950 Summer Swan Land Trust, by Blackrock Asset Management, LLC v. Deutsche Bank Nat'l Trust et al.*, 2022 WL 580438, *2 (Feb. 24, 2022).  Relative to the first prong of the *Norelus v. Denny's Inc.* test, underline supra., an "attorney must *knowingly or recklessly* pursue a frivolous claim… something more than a lack of merit is required." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007)(emphasis original). As for the second prong (multiplying proceedings), it is met when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, *7 (M.D. Fla. Aug. 5, 2013)(citations omitted).

Similarly, this Court has an "inherent power to sanction a lawyer for conduct 'that abuses the judicial process'" and that the "key to unlocking a court's inherent power is a finding of bad faith." *2950 Summer Swan Land Trust v. Deutsche Bank Nat'l Trust et al.* at *3 (citations omitted). The Court has "broad discretion" to impose sanctions derived from its inherent powers. *Mendez v. Land Investors, Corp.*, 2013 WL

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

607908, *3 (M.D. Fla. Feb. 19, 2013). Examples include an attorney "knowingly or recklessly raising frivolous arguments, arguing a claim to harass the opponent, or delaying or disrupting the litigation. *U.S. v. 8 Luxury Vehicles*, 2018 WL 4068525, *2 (M.D. Fla. July 2, 2015)(citation omitted). The trial court is to employ restraint. *Id*. The award of attorney's fees is a "fee shifting" and compensatory process. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017). To impose sanctions under its inherent authority, the Court must find that Attorney Goodman and P&G Firm acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" or delayed or disrupted litigation or took "actions in the litigation for an improper purpose." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). If there is insufficient direct evidence of bad faith, the standard can also be met if a lawyer's conduct is "tantamount to bad faith" such that the "attorney's conduct is so egregious that it could only be committed in bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017)(citation omitted). "Recklessness plus a frivolous argument [will] suffice." *Id.*

## II.  Attorney Goodman and P&G Firm Should Pay Defendants' Attorney's Fees Pursuant to Section 1927 and/or the Court's Inherent Authority

### A.  April – December 2021 (Three Orders of Dismissal)

1. We begin by discussing the Complaint – faulty from the start – and Attorney Goodman's insistence in amending his claims, even though the Court warned him that

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

the further amendments of the ERISA and FDUTPA counts had to be in good faith. They were not.

2.  Defendants had to serve four Motions to Dismiss. The Court had to enter three Orders of Dismissal.

3.  It is not the numerous dismissals alone that is the issue. It was Attorney Goodman's refusal to either follow the Court's Order to either make substantive amendments in "good faith" or recognize that he cannot. Attorney Goodman tried to make nominal amendments and then sought to gaslight this Court and the Defendants by insisting that his changes were substantive. They were not and, objectively, Attorney Goodman knew it.

4.  The Complaint was a sprawling, meandering 240+ page document half-filled with unrelated allegations which Schwartz alleged in the state court actions involving the same parties. The Complaint[2] and all subsequent amendments substantively relied upon the "Exhibit R" comprising (supposedly) documents from Apple, Inc. ("Apple") reflecting IP addresses.   Attorney Goodman <u>never</u> developed any evidence interpreting Exhibit R or even supporting it. We now know why; Apple does not have any evidence of hacking (see Apple Declaration, Doc. 125-1). Attorney Goodman knew that *or knew enough not to ask.*

---

[2] The Complaint includes counts under the Computer Fraud and Abuse Act ("CFAA")(Count I, VII), Stored Communications Act ("SCA")(Count II, VIII), Wiretap Act (Count III, IX), ERISA (Count IV, X), Florida's Security of Communications Law ("FSCL")(Count V, XI), and Florida's Deceptive and Unfair Trade Practices Act (FDUTPA)(Count VI, XII). (Doc. 1).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

5. Defendants filed their <u>first</u> Motion to Dismiss (Doc. 11)("First Motion to Dismiss") and the Plaintiff conceded. Attorney Goodman then filed Plaintiff's First Amended Verified Complaint (Doc. 16)("Amended Complaint") which included only nominal changes.

6. Defendants filed a <u>second</u> Motion to Dismiss Amended Complaint (Doc. 19)("Second Motion to Dismiss").

7. Attorney Goodman, in Plaintiff's Opposition, sharply asserted that "ADP baldly argues… authorities not on point" and "explanations [which] lack merit and ring hollow" (Doc. 21, page 1-2). These statements were not true.

8. This Court entered an Opinion and Order (Doc. 36)("First Order of Dismissal") dismissed the Amended Complaint. The Court noted/held:

a. Schwartz had claimed that when the 2018 and 2019 Cases received publicity, Defendants "start[ed] hacking into Schwartz's electronic communications and accounts." First Order of Dismissal, p. 2. The Court noted that Schwartz was now bringing "a host of claims against ADP." *Id.*

b. In dismissing most of the counts, the Court singled out the ERISA and FDUTPA counts, provided Attorney Goodman with instructions on what was missing, and warned that Plaintiff could "replead these claims to remedy the defects, provided such allegations are in good faith." *Id.*

9. The First Order of Dismissal should have signaled to Attorney Goodman (and any reasonable lawyer) that (a) he needed to make non-conclusory allegations to state a claim for most counts and (b) he should heavily reconsider repleading the ERISA and FDUTPA counts.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

10. Instead, this led to two rounds of a second- and third-amended complaints, as well as third- and fourth-motions to dismiss.  In opposing those motions to dismiss, Attorney Goodman repeated two points.  These assertions made no sense the first time and were wholly unreasonable when he repeated them in his subsequent opposition to dismissal:

    a. Attorney Goodman wrote, ""Defendants restate the same arguments [which] they argued unsuccessfully in their original motion to dismiss" (Opposition, Doc. 46, p. 1).

In reality, the Plaintiff conceded to the First Motion to Dismiss and this Court granted Defendants' Second Motion to Dismiss.  Attorney Goodman's argument to this Court was untrue.  Yet he repeated this false argument not once (Opposition, Doc. 46, p. 1) but twice (Opposition, Doc. 56, page 1).

    b. Attorney Goodman made so few changes to his pleadings that Defendants used the Microsoft "Word compare" function and attached exhibits to their third- and fourth- motions to dismiss showing how few changes Attorney Goodman had made between the First and Second Amended Complaint as well as Second and Third Amended Complaints. *Compare* Doc. 44-1 and 55-1.

In the face of the black-and-white evidence of his nominal changes, Attorney Goodman initially responded that Defendants "falsely state that Plaintiff made no attempt to cure the deficiencies" (Doc. 46, p. 1).

When he was confronted with the subsequent Word compare exhibit, he resorted to gaslighting by claiming that the Word compare exhibit actually showed "*a careful attempt* by Plaintiff to provide each of the allegations the Court deemed necessary to

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

state a claim on 10 of the 12 claims" (Doc. 56, page 2)(emphasis added). This was blatantly untrue.

11. The Court dismissed the Second Amended Complaint as a shotgun pleading (Doc. 48)("Second Order of Dismissal") and later dismissed the ERISA and FDUTPA counts <u>with prejudice</u> (Doc. 57)("Third Order of Dismissal"). This Court noted/held:

> "Schwartz—**a litigant with counsel**—failed to correct the pleading deficiencies despite three amendments over the last eight months." *Id.* (emphasis added).

12. Attorney Goodman's four attempts at pleading a proper complaint led to eight (needless) months of litigation (added together, all of the complaints and their exhibits amount to approximately 1,000 pages which Defendants had to read and address). As the Court intimated in the Second Order of Dismissal, "a litigant with counsel" should not require four attempts to plead a complaint.

13. By making scant, bad faith "amendments" and then falsely trying to convince the Court that he was making "careful" amendments, Attorney Goodman meets the *Norelus v. Denny's, Inc.* test as he engaged in unreasonable and vexatious conduct which multiplied the proceedings (at a minimum, leading to needless further motions to dismiss or, more seriously, prolonging the entire case) and fees should be awarded. These proceedings "would not have been conducted otherwise." *See Daniels v. Sodexo, Inc.*, <u>supra</u>. Likewise, under the Court's inherent power, Attorney Goodman's repeated amendments amounted to "knowingly or recklessly raising frivolous arguments,

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

arguing a claim to harass the opponent, or delaying or disrupting the litigation." *See U.S. v. 8 Luxury Vehicles*, <u>supra</u>.

14. While Attorney Goodman was struggling to <u>state</u> a claim, he was meanwhile seeking to hide the absence of any evidence. Attorney Goodman had the same "evidence" at the end of the case as he did at the beginning. As detailed in the next section, Attorney Goodman developed nothing and made no effort to.

### B. Discovery (Avoidance and Compulsion)

15. The Defendants served discovery requests, trying to divine which devices and accounts were supposedly at issue; what evidence existed that communications were intercepted "in flight" versus "in storage"; and, generally, any evidence to indicate what Plaintiff was talking about.

16. This led to a repeated cycle where Defendants counsel would write Attorney Goodman to provide (better or any) responses, which would slowly lead to an amendment or a motion to compel, at which point Attorney Goodman might chose to amend his responses again (to avoid possible discovery sanctions).

17. The Court agreed:

> "That said, Schwartz is warned that this Court will no longer tolerate the 'sluggish circle' of discovery that ADP outlines in its motion. (Doc. 84 at 2) ('[ADP] sends a detailed email . . . outlining the deficiencies in Schwartz's responses; (b) days go by until there is a 'good faith conference'; and then (c) there is a period of time until Schwartz provides amended responses.')). Discovery abuses or actions by either party not taken in good faith must now stop."

> Order (Doc. 98), p. 8.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

18. While the Court obviously wrote the foregoing in reference to "discovery abuses or actions *by either party*" (emphasis added), it was clear that only the Plaintiff was misbehaving (to wit, Schwartz never filed a motion against the Defendants).

19. Behind the scenes, this "sluggish circle" played out repeated as Attorney Goodman sought to hide the fact that he had no evidence. Defendants had to repeatedly press Attorney Goodman for better responses which created needless expense and delay:

    a. Several discovery responses were answered/amended <u>three times</u>.[3]

    b. Most of Attorney Goodman's discovery responses were deficient and had to be amended.[4]

    c. By September 2022, Schwartz simply took to amending his responses in bulk. *See* **Exhibit A**, Plaintiff's Amended Responses to [Defendants'] Interrogatory Questions.

    d. All amendments were the product of the Attorney Goodman's "sluggish circle" or by Order of the Court (see Docs. 78 and 98).

20. Attorney Goodman's success at "hiding the ball" caused delay.

---

[3] (1) Plaintiff's November 17, 2021 Responses had to be amended on August 10, 2022 and September 6, 2022; (2) Plaintiff's March 7, 2022 Answers to Interrogatories had to be amended on May 4, 2022 and July 18, 2022; and (3) Plaintiff's September 29, 2021 Answers to Interrogatories had to be amended on March 18, 2022 and May 4, 2022.

[4] (1) Plaintiff's March 18, 2022 Responses had to be amended on September 9, 2022; (2) Plaintiff's November 17, 2021 Responses were amended on August 10, 2022; (3) Plaintiff's March 7, 2022 answers to interrogatories were amended May 4, 2022; (4) Plaintiff's March 7, 2022 answers to (a different set of) interrogatories were amended May 4, 2022; (5) Plaintiff's July 30, 2021 answers to interrogatories were amended on May 4, 2022; (6) Plaintiff's November 15, 2021 responses to request for production were amended on April 4, 2022; (7) Plaintiff's November 15, 2021 answer to a single interrogatory was amended on April 4, 2022; (8) Plaintiff's September 29, 021 response to request for production was amended on March 18, 2022; (9) Plaintiff's September 29, 021 answer to interrogatories was amended on March 18, 2022; (10) Plaintiff's November 15, 2021 answer to interrogatories was amended on March 18, 2022; and (11) Plaintiff's July 30, 2021 answer to interrogatories was amended on March 18, 2022.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

21. Again, applying the *Norelus v. Denny's, Inc.* test, Attorney Goodman's conduct is unreasonable and vexatious which multiplied the discovery proceedings which would not have occurred but for his actions. Here, Attorney Goodman's delays and disruption was more than negligence and was sufficiently egregious – taken as a whole with his pleading strategy – that it could only be committed in bad faith. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, supra.

22. Attorney Goodman's discovery strategy was not solely to delay; he was shrouding the fact that he had no evidence.  To wit:

    a. On April 4, 2022, under the force of a Court Order, Attorney Goodman had to amend discovery responses and admit that he had no evidence of "hacking" other than the unauthenticated Exhibit R:

        **At this time, other than Exhibit R to the operative Complaint, [sic] At this time, Plaintiff has nothing further at this time.**

        *See* **Exhibit B**, April 4, 2022, Plaintiff's Amended Response to First Interrogatories (#5 only)(bold added).[5]

    b. It was not until September 6, 2022 that Attorney Goodman was able to identify the "electronic communications" which were allegedly "hacked" (discussed in detail below). *See* **Exhibit A**, page 4, Amended Answer #4.

23. Those two issues above – any evidence of "hacking" and any communications which were hacked – were the crux of this case and it took 12-18 months before

---

[5] These Interrogatories were originally propounded August 30, 2021. It required seven months and a Court Order for Attorney Goodman to admit that his client had no evidence of the central issue in this case.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

Attorney Goodman had to admit that he had no reliable, admissible evidence (and he wasn't searching for any).

24. Even the Court was frustrated. In the Court's March 9, 2022 Order (Doc. 78)("First Compulsion Order"), the Court wrote:

> Defendants had asked in "interrogatory #5" for "the basis for [Plaintiff's] claim that 'ADP had begun hacking into [Plaintiff's] Apple accounts' aside from… Exhibit R" and the Court agreed that "Plaintiff has not provided any *support* for his allegations, … Rather, he has repeated his allegations of hacking…"

> First Compulsion Order (Doc. 78, p. 3)(emphasis original).

25. As of April 2022, which was a year into this case, Attorney Goodman was in the exact same place as he was at the start of the case.  His sole evidence of "hacking" was the unauthenticated Exhibit R to the Complaint.  Between April 4, 2022 (when he admitted he had no evidence)(**Exhibit B**) and December 29, 2022 (Judgment), Attorney Goodman sought no formal discovery to fill that critical void, obtained no evidence or expert, and did nothing while Defendants were forced to continue to investigate, discover, and defend these baseless claims.[6]

26. Turning back to the supposedly-hacked "electronic communications," Attorney Goodman listed the "Nate Webb texts" and a group of attorney-client communications from 2020.  *See* **Exhibit A**.

---

[6] In their June 2022 First MSJ (Doc. 91), Defendants' central argument was that Exhibit R was not authenticated and Plaintiff had no evidence ("Discovery-wise, the parties are at the same place where they were on the day this case was filed: without any evidence.")(Doc. 91, p. 2).  Even with the Defendants taunting him to produce a disputed material fact, Attorney Goodman *still* did nothing and simply kept the case alive.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

27. The "Nate Webb texts" were referenced in the Third Amended Complaint (Doc. 50, exhibit Z). However, Attorney Goodman was not being candid with the Court. *See* First MSJ (Doc. 91, page 8 and fn. 6):

> "Oddly, Schwartz does not advise the Court that the testimony of Exhibit Z to the TAC was revised by way of a November 15, 2021 errata sheet. Indeed, Schwartz continues to maintain his charade as recently as May 31, 2022 when Schwartz filed his Response in Opposition to ADP, Inc.'s Second Motion to Compel (ECF No. 87) and, in paragraph 14 on page 6, Schwartz again relies upon Exhibit Z as supposedly reliable testimony when, six months prior, that witnesses properly amended the same testimony via an errata sheet."

28. Again, the Nate Webb deposition was taken by Attorney Goodman and P&G Firm. They could have easily re-deposed Mr. Webb… but did not.

29. As for the attorney-client communications which Defendants allegedly hacked, Attorney Goodman never explained *how* that was supposedly accomplished (or which Defendant did the hacking) and never produced the communications because he claimed that they were privileged. *See* **Exhibit C**, September 6, 2022 Privilege Log.[7]

30. Attorney Goodman's pursuit of this case despite any supporting evidence was clearly in bad faith particularly because the Court had singled out this issue three months prior.

> "Schwartz's allegations are serious. If true, ADP not only hacked his personal messages, it also violated the sanctity of the attorney client relationship."
>
> July 11, 2022 Order (Doc. 98, p. 7).

---

[7] Moreover, why were the Defendants learning of these central-but-privileged documents from 2020 only weeks before discovery cut-off? If it was a sincerely-held belief that these specific texts were hacked, where was the Plaintiff discovery focusing on those dates?

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

31. In that July 2022 Order, the Court wrote that the Plaintiff "must identify the hacked communications so ADP can investigate" because Attorney Goodman's responses "leave[] ADP in the dark." *Id.*

32. By shrouding his (supposed) evidence behind a privilege log, Attorney Goodman was either: (a) admitting that he had no admissible evidence to support the Plaintiff's "serious" claim or (b) he was intending to hide the evidence behind a privilege which he was planning to waive at the last minute. Either way, Attorney Goodman's drafting <u>and maintaining</u> the "serious" claim that Defendants had hacked attorney-client communications – while knowing he had no admissible evidence and was not seeking any – was in bad faith.[8]

33. By delaying the revelation that the Plaintiff had no evidence for these "serious" allegations (and not seeking to obtain any), Attorney Goodman meets the standard of bad faith (or at least "tantamount to bad faith") as his unreasonable and vexatious conduct multiplied the proceedings – indeed, his refusal to stop in the face of no evidence was the sole reason this case existed. Pursuant to the legal precedent cited above, sanctions are warranted.

### C.  Evading and Delaying Summary Judgment

34. On June 13, 2022, Defendants filed their First MSJ (Doc. 91), predicated on a 29-point Statement of Undisputed Facts arising from Exhibits B-D and F-J, all of which

---

[8] The existence of these supposed hacked attorney-client communications was not even *mentioned* in Plaintiff's oppositions to the two summary judgment motions. *See* Docs. 94 and 129).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

were Plaintiff's discovery responses.  Based upon Plaintiff's own admissions, it was clear that the Plaintiff had no case.

35. In response to the First MSJ, Attorney Goodman failed under Rule 56(c)(1) to specifically object to any part of the Statement of Undisputed Facts. *See* Reply in Support of Summary Judgment (Doc. 96, p. 2).

36. In his July 1, 2022 Response and Opposition to First MSJ (Doc. 94), Attorney Goodman falsely claimed that Defendants "have not meaningfully responded to ***any*** of Plaintiff's discovery requests." *Id.* at p. 2 (emphasis original). This was not only untrue at the time, it remained untrue through the close of discovery as the Plaintiff never filed a single substantive motion during the entire case (much less a motion to compel).

37. Attorney Goodman promised that "Plaintiff does intend to take depositions and conduct additional discovery" which never occurred (Doc. 94).  He claimed that he needed "meaningful discovery responses to the initial discovery served upon Defendants." *Id.*  Again, it is unclear what responses were unsatisfying and, if such existed, where was a motion to compel between July 1, 2022 and the close of discovery? None exist because this an excuse to the Court to create delay.

38. Attorney Goodman also told this Court that (fifteen months into the litigation), "Plaintiff has not had ***the opportunity*** to obtain further information from Apple or

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

depose anyone on the matter." *Id.* at p. 3 (emphasis added). For five subsequent months, Attorney Goodman did neither.[9]

39. Considering the fact that the word "Apple" appears 199 times in Attorney Goodman's Third Amended Complaint (Doc. 50), it is hard to fathom that he never sought or presented evidence from that company.

40. In mid-July 2022, when Defendants' filed their Reply in Support of First MSJ (Doc. 96), Attorney Goodman certainly knew that he had not disputed any of Defendants' Statement of Undisputed Facts and that he had no evidence. He did nothing and simply kept his case afloat.

41. For context, on July 11, 2022, the Court entered its discovery compulsion order, discussed <u>supra</u>., where the Court required the Plaintiff to identify the supposedly-hacked communications and acknowledged that Plaintiff's claims were "serious." July 11, 2022 Order, (Doc. 98, p. 7).

42. If Attorney Goodman had no intention of disclosing in discovery these (supposed) intercepted attorney-client communications from 2020, why would make these "serious" allegations (as this Court described) but never present the evidence? Having made that choice (for lack of evidence or otherwise), Attorney Goodman again

---

[9] Meanwhile, Defendants had sent subpoenas to Apple and were interfacing with Apple's counsel and ultimately produced a Declaration that Apple had no evidence of intrusion. Attorney Goodman had easy access to Apple since, after all, his client was their customer and he could simply *ask* for assistance. He did nothing. Critical to this case, no representative from Apple ever told Schwartz that Defendants had compromised his Apple accounts or devices. *See* Renewed Motion for Summary Judgment (Doc. 125, p. 10, para. 27, fn. 24, and exhibit J). It was Defendants who had to investigate and ask the questions which Attorney Goodman did not have the "opportunity" to do. By his inaction, Attorney Goodman multiplied and extended these proceedings.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

was confronted with the fact that, as of his September 6, 2022 Privilege Log (**Exhibit C**), he could not present evidence to support the Plaintiff's case.   Still, Attorney Goodman persisted with his case.

43. On July 15, 2022, Attorney Goodman filed a "Substantive Response" to Defendants' summary judgment motion (Doc. 103) claimed he was going to "adduce" thirteen facts. It never happened.   Attorney Goodman presented no "new" disputed material fact in his Opposition to the Renewed Motion for Summary Judgment (Doc. 129).

44. Once the Court *sua sponte* granted an extension, Attorney Goodman did nothing until late September 2022 (days before discovery cutoff).

45. Meanwhile, Defendants were diligently working with Apple to find any evidence of this "hacking" and, in the end, Apple declared that there was no evidence of intrusion (Doc. 125-1).

46. The Court should consider Attorney Goodman's conduct, lack of evidence, delays, lack of discovery or retention of an expert, and false promises to prolong the case. Cumulatively, is that reasonable and non-vexatious conduct compared to other lawyers in other cases? Would multiple motions to dismiss be needed if Attorney Goodman appreciated that his scant amendments were not in good faith? Would discovery have been prolonged if Attorney Goodman had directly answered questions? Would this case have continued if he reasonably acknowledged that he had no evidence? Would this Court have to consider a first and second motion for summary

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

judgment if Attorney Goodman had not made false promises and then intentionally taken no action?  The *Norelus v. Denny's, Inc.* test is repeatedly met in this case, as is the standard for sanction under this Court's inherent authority.

47. Defendants also present the affidavit of the undersigned in support of this Motion.  *See* **Exhibit D**, Declaration of Christopher Hopkins.

For the reasons set forth in this Motion and exhibits, Defendants seek an order of entitlement to attorney's fees for reasonable lawyer-time (a) during the pendency of this action or, alternatively, (b) from June 13, 2022 (First MSJ) to December 29, 2022 (Judgment).

Dated: January 11, 2023.           Respectfully submitted,
                                   MCDONALD HOPKINS, LLC
                                   *Attorneys for Defendants*
                                   */s/  Christopher B. Hopkins*
                                   Christopher B. Hopkins #116122
                                   chopkins@mcdonaldhopkins.com
                                   Craig S. Distel #105098
                                   cdistel@mcdonaldhopkins.com
                                   Mario M. Ruiz #894590
                                   mruiz@mcdonaldhopkins.com
                                   501 S. Flagler Drive, Suite 200
                                   West Palm Beach, FL 33401
                                   Tel: (561) 472-2121
                                   Fax: (561) 472-2122

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927

## RULE 3.01(g) CERTIFICATION

Defendants, by and through counsel, certify that they conferred with Schwartz's counsel on Wednesday, January 11, 2023 via a scheduled telephone conference regarding this Motion and the parties were unable to reach a compromise.

By: *Christopher B. Hopkins*
Christopher B. Hopkins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk using the CM/ECF system, which will send an electronic notice of filing to all attorneys of record on January 11, 2023.

By: *Christopher B. Hopkins*
Christopher B. Hopkins