IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 21-CV-00283-SPC-MRM

DAVID SCHWARTZ,

       Plaintiff,
v.

ADP, INC. and
AUTOMATIC DATA PROCESSING, INC.,

       Defendants.
_____/

**DEFENDANTS' MOTION TO DETERMINE ENTITLEMENT TO REASONABLE STATUTORY ATTORNEY'S FEES and incorporated MEMORANDUM OF LAW[1]**

Defendants, ADP, INC. and AUTOMATIC DATA PROCESSING, INC. (collectively "Defendants"), by and through undersigned counsel, hereby file this Motion to Determine Entitlement to Reasonable Statutory Attorney's Fees & Costs and incorporated Memorandum of Law ("Motion") against Plaintiff, DAVID SCHWARTZ ("Plaintiff" and "Schwartz"), and state:

Defendants, as prevailing parties, seek an order granting entitlement to reasonable statutory attorney's fees pursuant to Employee Income Security Act, 29 U.S.C. § 1132(g)(1) ("ERISA").

---

[1] This Motion is filed pursuant to the Court's January 12, 2023 Order permitting Defendants to revise and refile its prior motion (Doc. 136) by January 18, 2023.

{10908288: }

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

This Motion is filed pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2). For the purposes of seeking entitlement to statutory attorney's fees under ERISA and pursuant to Rule 54(d)(2), the following section tracks the requirements of Local Rule 7.01(a) – (b), Middle District of Florida (2021):

1. Defendants are the prevailing parties in this matter. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995)(a defendant who obtains summary judgment in its favor is the prevailing party).

2. Defendants seek an order granting entitlement (only) to statutory attorney's fees. *See* Local Rule 7.01(a).

3. This Motion is filed within fourteen days after the entry of judgment. *See* Local Rule 7.01(b).

4. Within this case, Defendants seek entitlement to attorney's fees as prevailing parties pursuant to the December 29, 2022 Judgment (Doc. 135)("Judgment") and the December 3, 2021 Opinion and Order (Doc. 57)("Order of Dismissal"). *See* Local Rule 7.01(b)(1).

5. Per Local Rule 7.01(b)(1), Defendants' statutory basis for attorney's fees and costs is (and will be) grounded in: Consolidated Budget Reconciliation Act which amended the Employee Income Security Act, 29 U.S.C. § 1132(g)(1).

6. The fair estimate of the amount sought is $60,000 in statutory attorney's fees incurred between April – December 2021 (inception of case to dismissal of ERISA counts). *See* Local Rule 7.01(b)(2).

7. A memorandum of law is incorporated below. *See* Local Rule 7.01(b)(2).

## MEMORANDUM OF LAW

Defendants seek an order granting entitlement to attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2). Defendants were the prevailing parties on the ERISA counts as a result of the Order of Dismissal and subsequent Judgment. ERISA provides attorney's fees to the prevailing party. As discussed below, and pursuant to ERISA, Defendant seek entitlement to attorney's fees from April 2021 (inception of the case) until December 2021 (dismissal of the ERISA claims).

According to Local Rule 7.01, the first step in this bifurcated process is for Defendants to establish, *inter alia*, their statutory basis for fees. Below, we review the procedural history of the case as it relates to Schwartz's two ERISA counts. Further below, the Defendants explain their statutory basis for entitlement to attorney's fees and estimate the attorney's fees which were incurred between April – December 2021 which relate to the ERISA counts.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

### I. Procedural History: Schwartz's Two ERISA Counts

In April 2021, Plaintiff filed a sprawling Complaint which, including exhibits, exceeded 240 pages (Doc. 01).[2] Specifically, the Complaint brought allegations against both Defendants under ERISA. *Id.* Over the following eight (8) months, Defendants investigated, conducted discovery, and litigated Schwartz's statutory claims. Because of Schwartz's insistence to file <u>and maintain</u> these frivolous counts, Defendants had to file <u>four</u> motions to dismiss.

Each time the Court dismissed Schwartz's ERISA counts, this Court gave Schwartz clear instructions on what he needed to amend. Schwartz did not have the legal or factual basis to meet the Court's standards but amended his complaints several times anyhow and then filed table-pounding Oppositions when Defendants repeatedly raised the same (successful) arguments. Throughout 2021, this Court dismissed each of Schwartz's amended complaints until, in December 2021, the Court

---

[2] The month prior, Plaintiff had filed essentially the same complaint in *David Schwartz v. ADP, LLC and Automatic Data Processing, Inc.*, case no. 2:21-cv-208-JLB-MRM. The Honorable John Badalamenti issued a *sua sponte* Order directing Schwartz to file a jurisdictional memorandum (Doc. 8). Schwartz filed both a jurisdictional memorandum and, without leave, an amended complaint. Judge Badalamenti struck the amended complaint (Doc. 12) and concluded that Schwartz's jurisdictional memorandum was "not responsive" and "not sufficient" (Doc. 10). Finding that Schwartz failed to meet his burden, the Court dismissed Schwartz's case (Doc. 10). Schwartz tweaked paragraphs 2 and 7 of his complaint which he re-filed as the instant action. *See* Notice of a Related Action (Doc. 18).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

entered a third order of dismissal, this time dismissing with prejudice Schwartz's ERISA counts.

Substantively, across each of the relevant versions of the complaint, Schwartz's allegations can be divided into two categories: (1) allegations that ADP violated various computer and communications-related statutes and, separately, (2) allegations that ADP violated ERISA.

Notably, Schwartz was terminated in mid-July 2018. *See* Complaint, paragraph 29 (Doc. 1). He claimed that he was not provided certain paperwork after he was fired. *Id.* at paragraphs 121, 123. Meanwhile, COBRA coverage can exist for up to eighteen months after termination. Order, page 12 (Doc. 36). Schwartz did not seek COBRA coverage during that time; instead, while the 2018 and 2019 Cases were progressing, Schwartz dreamt up the notion of an ERISA claim and belatedly "sued nearly three years after his firing…" *Id.*

Once in suit, Schwartz was so concerned about vindicating his ERISA rights that he apparently forgot to pursue any discovery mentioning ERISA. Between April – December 2021, when the ERISA counts were pending, Schwartz served only six interrogatory questions. Nothing else. None of those interrogatories mention ERISA. Disinterested and disengaged during the eight month period while he was struggling to state a cause of action under ERISA, Schwartz made zero effort to find evidence

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

supporting an ERISA claim.[3] Schwartz served *no* other discovery at all until 2022.

On April 28, 2021, Defendants filed their <u>first</u> Motion to Dismiss (Doc. 11)("First Motion to Dismiss") and argued *inter alia* that, relative to ERISA, the Plaintiff lacked standing and failed to state a claim (Doc. 11). Schwartz conceded the point, clearly on notice that his Complaint was deficient. Two weeks later, Schwartz filed his First Amended Verified Complaint (Doc. 16).

Two weeks thereafter, Defendants filed a <u>second</u> Motion to Dismiss Amended Complaint (Doc. 19)("Second Motion to Dismiss") which, again, argued that Plaintiff lacked standing and failed to state a claim under ERISA. Despite his acquiescence to the first Motion to Dismiss only weeks earlier, this time, Schwartz filed an Opposition sharply asserting that "ADP baldly argues… authorities not on point" and "explanations [which] lack merit and ring hollow" (Doc. 21, page 1-2). Schwartz's argument, in attacking Defendants after previously <u>conceding</u> the point, is particularly meritless when the Court compares Defendants' nearly identical ERISA arguments in the First Motion to Dismiss (Doc. 11 at pages 18-24) to the Second Motion to Dismiss (Doc. 19 at pages 16-21). The Court disagreed

---

[3] Presumably, an inquisitive plaintiff would at least serve a single request seeking proof of service of the "missing" COBRA notice.

{10908288: } 6

with Schwartz and squarely put him on notice that Defendants' authorities *were* on point.

Specifically, on July 26, 2021, this Honorable Court entered an Opinion and Order (Doc. 36)("First Order of Dismissal") dismissing *inter alia* the Plaintiff's ERISA counts on lack of standing and failure to state a claim, respectively.  The Court held that "[t]he Complaint does not allege Schwartz is a participant with standing to sue for ERISA violations" because "ERISA violations revolve around failure to provide proper COBRA notice […] [a]nd ADP points to an ERISA provision indicating COBRA coverage ends eighteen months after termination." First Order of Dismissal, p. 12 (emphasis added).  The Court advised Schwartz that he could attempt to replead, "provided such allegations are in good faith." *Id.* Schwartz was undeterred.

Schwartz filed his Second Amended Verified Complaint (Doc. 41)("Second Amended Complaint") which, again, raised ERISA counts. Defendants filed a (third) Motion to Dismiss (Doc. 44) which raised the same ERISA arguments and included, as exhibit A, a Microsoft Word comparison of the First and Second Amended Complaints (Doc. 44-1) showing that Schwartz had made *de minimus* and conclusory changes which failed to comply with the First Order of Dismissal. Defendants noted that, "[d]istressingly, the Plaintiff simply chose to add limited, conclusory

statements to each dismissed count as a meager attempt to satisfy this Court" and that Plaintiff "impermissibly re-incorporates all previous allegations into each subsequent count." (Doc. 44, page 5).

Schwartz's tone became angrier. In the face of a third Motion to Dismiss, Schwartz filed an Opposition (Doc. 46) and bizarrely claimed that, "Defendants restate the same arguments [which] they argued unsuccessfully in their original motion to dismiss"[4] while Schwartz bristled at Defendants' use of the Word Compare exhibit which Schwartz claimed "falsely state[s] that Plaintiff made no attempt to cure the deficiencies" (Doc. 46, p. 1).

The Court concluded that there was no need to dive back into the numerous defects in Schwartz's pleading and, via a minute order, the Court dismissed the Second Amended Complaint as a shotgun pleading (Doc. 48).

A month later, in October 2021, Schwartz filed his Third Amended Verified Complaint ("Third Amended Complaint").[5] In response, Defendants had to file their <u>fourth</u> Motion to Dismiss again addressing *inter alia* the ERISA counts (Doc. 55, page 3). Once again, Schwartz's

---

[4] Again, Schwartz had *conceded* to the First Motion to Dismiss and this Court granted Defendants' Second Motion to Dismiss. Schwartz's "logic" here is hard to grasp.
[5] If the Court includes the earlier case which Judge Badalamenti dismissed, Document 50 is Schwartz's <u>sixth</u> attempted Complaint.

"amendments" were so scant that another Microsoft Word comparison of the two most recent versions of the complaints showed that they were nearly identical (Doc. 55-1).[6]

Schwartz filed an Opposition to Defendants fourth Motion to Dismiss and, again, bafflingly advanced the same claim that "Defendants restate the same arguments [which] they argued unsuccessfully in their original motion to dismiss" (Doc. 56, page 1).[7] Schwartz also defiantly repeated his argument that Defendants "falsely state that Plaintiff made no attempt to cure" and, to up the ante, Schwartz brazenly claimed this time that Defendants' latest Microsoft Word compare exhibit actually showed "*a careful attempt* by Plaintiff to provide each of the allegations the Court deemed necessary to state a claim on 10 of the 12 claims" (Doc. 56, page 2)(emphasis added). This Court was not deceived.

On December 3, 2021, this Honorable Court entered an Opinion and Order which dismissed the ERISA counts with prejudice. (Doc. 57)("Third

---

[6] Schwartz's stubbornness in refusing to make good faith amendments leaps off the page when the Court holds up Defendants' first Word Compare exhibit (Doc. 44-1)(comparing the first and second amended complaints) and compares that to the second Word Compare exhibit (Doc. 55-1)(comparing the second and third amended complaints).

[7] Schwartz is being impudent with the Court (see fn. 2, supra.). When Schwartz first made this statement in his Opposition to the Third Motion to Dismiss (Doc. 46), he had already conceded to the First Motion to Dismiss and the Court had granted Defendants' Second Motion to Dismiss. By the time Schwartz attempts this whitewashing a second time, the Court had dismissed his complaint once again (*see* Doc. 48).

Order of Dismissal"). The Court ratified what Defendants had been arguing for eight months: "Schwartz—a litigant with counsel—failed to correct the pleading deficiencies despite three amendments over the last eight months." *Id*. Relative to the ERISA counts, the Court wrote that, "[l]ike before, the Court concludes he doesn't have standing" (Doc. 57, page 6). This Court did not miss that Schwartz "double[d] down on [his] theory to get damages by stating bare legal conclusions…" *Id*.  Schwartz's "procedurally flawed" request to amend was denied "for several reasons." *Id*. at 10.

Before leaving the procedural history of the case, it is important to also note the investigation and discovery which Defendants undertook during the same eight (8) month period between April – December 2021 which relate to the four ERISA counts.

In June 2021, the Parties exchanged initial disclosures.  Between April – December 2021, Defendant ADP served two sets of interrogatories and one request for production on Schwartz.  At the same time, Defendant Automatic served two sets of interrogatories, two sets of requests for production, and one set of requests for admissions.  Defendant ADP answered Schwartz's interrogatories in August 2021.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

**Defendants' Entitlement to Attorney's Fees and Costs**

The Defendants were the prevailing parties relative to Schwartz's two ERISA counts. ERISA includes an attorney's fees provision which favor the prevailing party. *See* 29 U.S.C. § 1132(g)(1). Between April – December 2021, the Defendants were forced to defend and litigate against these statutory claims (filing four motions-to-dismiss resulting in Schwartz's concession to one motion and three favorable orders). As for the ERISA counts, Schwartz filed and re-filed his counts but put in nominal effort while Defendants had to expend resources, through four motions-to-dismiss, each time showing the Court that Schwartz was not complying with the instructions only to replead in "good faith."

Defendants' Entitlement to Fees Under ERISA

Under the ERISA standards, this Court may award fees "to either party" as long as that party has achieved some degree of success. *See* 29 U.S.C. § 1132(g)(1) and *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010). Here, there should be little question that the Defendants were the prevailing parties on the ERISA counts. *See* Order of Dismissal and Judgment. Thereafter, the Court may consider a five-factor test in determining whether to award fees. *See Ruiz v. Publix Super Markets, Inc.*, 2017 WL 1683659, *3 (M.D. Fla. May 3, 2017) *quoting Cross v. Quality Management Group, LLC*, 491 Fed. Appx. 53, 55 (11th Cir. 2012).

{10908288: }                                       11

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

Those five factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Id.* "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address." *Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co.*, 932 F.2d 1443, 1452 (11th Cir. 1991).

Applied herein, Schwartz's culpability and/or bad faith is apparent. *See District Photo Inc. Health Care Plan v. Pyrros*, 2017 WL 2334027, *4 (E.D. NY May 30, 2017)(citations omitted). Schwartz was fired in mid-2018 and belatedly brought the ERISA counts in this action which was filed three years post-termination. From the beginning, all versions of Schwartz's complaints are packed with pages of irrelevant allegations and reams of exhibits which only exist to provide Schwartz with a litigation-privileged soapbox to vent all of his "hacking" theories (as well as his 2018 and 2019 Case theories) and then add the ERISA claim to seal his theme

{10908288: }                              12

of victimhood. Along those lines, all of Schwartz's complaints are verified and he knew or should have known that any such ERISA claim had lapsed long ago. The filing of a frivolous lawsuit alone can suggest culpability. *Id.* (citations omitted).

Even if the Court determines Schwartz's objectively culpable and bad faith actions cannot be substantiated *ab initio*, there should be no question that Schwartz's bad behavior was objectively on full display after he conceded to the First Motion to Dismiss, viciously fought back in response to the (nearly identical) Second Motion to Dismiss, and then received this Court's First Order of Dismissal explaining that (a) Defendants were raising sustained arguments of fact and law and (b) Schwartz was to only make "good faith" amendments. Schwartz bucked this Court's Order of Dismissal and, without the requisite good faith, proceeded to file Second and Third Amended Complaints which were objectively barren of any meaningful amendments (see the Word Compare exhibits, Docs. 44-1 and 55-1). Schwartz had the temerity to tell this Court that Defendants' Word Compare exhibits actually showed his "careful revisions." (Doc. 56, page 2).

The Court has more than one option as to where to set the start date of Schwartz's culpability and bad faith (*e.g.,* inception of the case; receipt of the First Order of Dismissal; or receipt of the Second Order of

{10908288: }                               13

Dismissal), however, taken in context, Schwartz's bad actions cumulatively date back to the inception of this case in April 2021 and hang precipitously until the ERISA counts were dismissed with prejudice in December 2021. But for culpability or bad faith, what is the possible explanation for the filing <u>and maintenance</u> of these counts when Defendants repeatedly made the same arguments across four Motions to Dismiss, all of which were conceded or granted?

Before turning to the second factor, Defendants wish to provide further context for the Court to consider Schwartz's culpability or bad faith. As this Court is aware, Schwartz was terminated from his employment with ADP because he breached his non-compete agreement when he started a competing business; after being fired, Schwartz stole his ADP-issued laptop and iPad. *See generally ADP, Inc. f/k/a ADP LLC v. David Schwartz*, 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 18-CA-005454 ("2018 Case"). In April 2021, the state court ordered Schwartz to return the laptop and iPad.[8] Purely to cause delay, Schwartz sought an appeal which he ultimately voluntarily dismissed; back down at the trial court, the judge was sufficiently frustrated with the delays that Schwartz was (again) ordered to return the

---

[8] This is the same iPad at issue in this case. *See* Dec. 29, 2022, Opinion and Order (Doc. 133, p. 4).

devices, this time upon risk of jail time.[9] Stated simply, Schwartz's bad actions in the 2018 Case occurred at the same time as Schwartz's culpable and bad faith actions in this case.

There also is third case between the parties which arose because Schwartz took to the internet to defame ADP. *ADP, Inc. f/k/a ADP LLC v. David Schwartz*, 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 19-CA-003479 ("2019 Case"). In that case, Schwartz was caught lying in his deposition. *See* **Exhibit A**, Excerpt of September 1, 2021 Evidentiary Hearing, line 25, page 34; lines 1-16, page 35.

The Court need not delve extensively into the 2018 and 2019 Cases except to note the overall context and Schwartz's motivation for his bad behavior all of which was occurring during this same time period between/around April – December 2021.[10]

As to the second factor, Defendants have no reliable evidence to present regarding Schwartz's present-day ability to pay an attorney fee award (aside from Schwartz's ability to retain counsel to defend himself in

---

[9] *See* September 2, 2021, Order on Motion for Sanctions (2018 Case State Court Docket Entry 458).

[10] The Court, on its own, has previously cast its gaze at the parties' state court litigation and noted, "[t]he Court understands there is no love lost between these parties. And counsel have been litigating related cases in state court for some time." *See* First Order of Dismissal (Doc. 36, p. 14). Similarly, the Court also detected Schwartz's efforts to intimidate witnesses in the 2018 Case which occurred in March 2021. *See* December 29, 2022 Opinion and Order (Doc. 133, p. 5, fn. 7 *referencing* Doc. 129-3).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

the 2018 and 2019 Cases and to file this case). It is anticipated that Schwartz will file a self-serving affidavit.

As to the third factor (deterrence), an award of attorney's fees would deter other plaintiffs from ignoring an order of dismissal which instructs parties to only re-file counts when there is a "good faith" basis. *See* Order of Dismissal, pages 12-14. This Court's Order(s) are meaningful, both individually and cumulatively, but Schwartz paid them no heed (indeed, he followed the Order of Dismissal by filing a shotgun pleading). Because of his vacuous factual and legal basis and this Court's specific instructions regarding re-pleading, Schwartz's ERISA counts are outliers compared to other ERISA claims because Schwartz insisted on maintaining the ERISA counts, despite contrary Court Order(s), while he fought back viciously with Defendants in his Oppositions and tried to convince this Court that his scant "amendments" (laid bare in the Word Compare exhibits) were really "careful revisions" (Doc. 56, page 2). Over an eight month period, those are not the words or actions of someone who is merely negligent; those are sustained words and actions betraying culpability and bad faith. While there is limited precedent of attorney fee awards against ERISA claimants, Schwartz fits the bill.

As to the fourth factor, Schwartz did not bring claims to benefit anyone but himself.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

As to the fifth claim, the lack of merits of Schwartz's ERISA claims lie in the Motions to Dismiss, Oppositions, and Court Orders (discussed supra.).

Undersigned counsel has reviewed the invoices for attorney time spent between April – December 2021 and has attempted to reduce any time which appeared unrelated to the ERISA claims. To simplify the issues and reduce judicial labor,[11] Defendants are not seeking paralegal fees or taxable costs. Defendants estimate that there is $60,000 in attorney's fees owed by Plaintiff to Defendants as prevailing parties under ERISA (only).

[remainder of page is intentionally blank]

---

[11] It is undersigned counsel's experience that courts are often called upon to spend significant time reviewing attorney time entries and invoices relative to fee motions which often results in lengthy orders setting out various calculations and the reasons for any deductions. As perhaps best exemplified by this Court's orders in FSLA fee disputes, this often leads to significant sparring (and work) over modest sums. While Plaintiff should be held responsible for prevailing party fees, Defendants wish to streamline these issues.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

WHEREFORE, for the reasons set forth in this Motion, Defendants seek an order of entitlement to attorney's fees for reasonable lawyer-time expended between April – December 2021 relative to the Plaintiff's ERISA counts.

Dated: January 13, 2023

Respectfully submitted,
MCDONALD HOPKINS, LLC
*Attorneys for Defendants*
/s/ *Christopher B. Hopkins*
Christopher B. Hopkins #116122
chopkins@mcdonaldhopkins.com
Craig S. Distel #105098
cdistel@mcdonaldhopkins.com
Mario M. Ruiz #894590
mruiz@mcdonaldhopkins.com
501 S. Flagler Drive, Suite 200
West Palm Beach, FL 33401
Tel: (561) 472-2121
Fax: (561) 472-2122

**RULE 3.01(g) CERTIFICATION**

Defendants, by and through counsel, certify that they conferred with Schwartz's counsel on Wednesday, January 11, 2023 via a scheduled telephone conference regarding this Motion and the parties were unable to reach a compromise.

By: *Christopher B. Hopkins*
Christopher B. Hopkins

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk using the CM/ECF system, which will send an electronic notice of filing to all attorneys of record on January 13, 2023.

By: *Christopher B. Hopkins*
Christopher B. Hopkins
