IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 21-CV-00283-SPC-MRM

DAVID SCHWARTZ,

      Plaintiff,

v.

ADP, INC. and
AUTOMATIC DATA PROCESSING, INC.,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DETERMINE ENTITLEMENT TO
REASONABLE STATUTORY ATTORNEY'S FEES UNDER FDUTPA and
incorporated MEMORANDUM OF LAW**

Defendants, ADP, INC. ("ADP") and AUTOMATIC DATA PROCESSING, INC. ("Automatic")(collectively "Defendants"), by and through undersigned counsel, hereby file this Motion to Determine Entitlement to Reasonable Statutory Attorney's Fees Under FDUTPA and incorporated Memorandum of Law ("Motion") against Plaintiff, DAVID SCHWARTZ ("Plaintiff" and "Schwartz"), and state:

Defendants, as prevailing parties, seek an order granting entitlement to reasonable statutory attorney's fees pursuant to Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.2105(1), Fla. Stat. (2020).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

This Motion is filed pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2). For the purposes of seeking entitlement to statutory attorney's fees under FDUTPA and pursuant to Rule 54(d)(2), the following section tracks the requirements of Local Rule 7.01(a) – (b), Middle District of Florida (2021):

1. Defendants are the prevailing parties in this matter. *See [Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)](*a defendant who obtains summary judgment in its favor is the prevailing party).

2. Defendants seek an order granting entitlement (only) to statutory attorney's fees. *See* Local Rule 7.01(a).

3. While Local Rule 7.01(b) calls for this motion to be filed within fourteen days after the entry of judgment, FDUTPA and the resulting precedent state that this Motion shall be filed "after the exhaustion of all appeals." *See* Local Rule 7.01(b) *but cf.* § [501.2105(1), Fla. Stat. (2020)]; *see also* Order Granting Motion (Doc. 148).

4. Within this case, Defendants seek entitlement to attorney's fees as prevailing parties pursuant to the December 29, 2022 Judgment (Doc. 135) ("Judgment") and the December 3, 2021 Opinion and Order (Doc. 57) ("Order of Dismissal"). *See* Local Rule 7.01(b)(1).

5. Per Local Rule 7.01(b)(1), Defendants' statutory basis for attorney's fees and costs is grounded in § [501.2105(1), Fla. Stat. (2020)].

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

6. The fair estimate of the amount sought is $60,000 in statutory attorney's fees incurred between April – December 2021 (inception of case to dismissal of FDUTPA counts). *See* Local Rule 7.01(b)(2).

7. A memorandum of law is incorporated below. *See* Local Rule 7.01(b)(2).

## MEMORANDUM OF LAW

It is undisputed that Defendants were the prevailing party relative to both the Order of Dismissal and the Judgment. Defendants, however, are not just entitled to attorney's fees under FDUTPA because they prevailed. Schwartz invented this fantastical claim in order to mis-use the federal court as a bully pulpit to publish his invectives and perpetuate this litigation to cause maximum financial harm and to divert ADP's attentions from the state court cases between ADP and Schwartz ("State Court Cases").

There are four integral parts to Schwartz's abuse of process warranting the award of statutory fees. First, Schwartz repeatedly re-filed defective, <u>verified</u> complaints despite the fact that (a) Defendants maintained the same legal arguments and (b) the Court kept warning Schwartz that he shall amend *only* if he had a good faith basis. But Schwartz was not just amending nonsense complaints, he used this case to perpetuate a calculated strategy to delay, distract, harass, and force Defendants to incur

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

unnecessary fees.  Second, Schwartz *twice* made objectively false statements to the Court about dismissal and *twice* made misleading claims that Defendants were supposedly covering their misdeeds by objecting to discovery. Schwartz's statements were designed to gaslight this Court into extending litigation.   Third, in the face of dismissal with prejudice, Schwartz made specific false promises to the Court, claiming in November 2021 that, if granted another amendment, he would plead <u>facts</u> to support his claims; however, at the same time, Schwartz was objecting to and avoiding Defendants' discovery seeking those facts.  Schwartz's promises to this Court in November 2021 <u>cannot have been true</u> given that he was compelled into admitting, in the Spring 2022, that he *never* had any facts. Fourth, a good faith litigant would scramble to discover evidence and retain expert(s) which could be used to plead facts. By the end of the case, it was revealed that Schwartz never had evidence and never *sought* evidence. Schwartz was never a good faith litigant.

When taken in the larger context of Schwartz's animosity stemming from the State Court Cases (a context which this Court acknowledged in its first order of dismissal), it is clear that this action was neither designed nor pursued by Schwartz to win on the merits; the goal was to punish and distract ADP from litigating the State Court Cases.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

From beginning to end, this case was a sham and an abuse of process. For the purposes of statutory entitlement to attorney's fees under FDUTPA, Schwartz's four step process is both objective and subjective evidence that attorney's fees should be shifted due to Schwartz's frivolous claims brought in bad faith.

### I. Schwartz's Bad Faith Pleadings and Discovery Perpetuated Litigation

In April 2021, Plaintiff filed a sprawling Complaint which, including exhibits, exceeded 240 pages (Doc. 01).[1] Specifically, the Complaint brought two FDUTPA Counts against both Defendants (Counts VI and XII). *Id.* Those FDUTPA Counts were predicated upon, and intertwined with, Schwartz's allegations in Counts I-III, V-IX, and XI that Defendants violated various computer- and communications-related statutes.

On April 28, 2021, Defendants filed their <u>first</u> Motion to Dismiss (Doc. 11) ("First Motion to Dismiss") and argued that, relative to FDUTPA:

---

[1] The month prior, Plaintiff had filed essentially the same complaint in *David Schwartz v. ADP, LLC and Automatic Data Processing, Inc.*, case no. 2:21-cv-208-JLB-MRM. The Honorable John Badalamenti issued a *sua sponte* Order directing Schwartz to file a jurisdictional memorandum (Doc. 8). Schwartz filed both a jurisdictional memorandum and, without leave, an amended complaint. Judge Badalamenti struck the amended complaint (Doc. 12) and concluded that Schwartz's jurisdictional memorandum was "not responsive" and "not sufficient" (Doc. 10). Finding that Schwartz failed to meet his burden, the Court dismissed Schwartz's case (Doc. 10). Schwartz tweaked paragraphs 2 and 7 of his complaint which he re-filed as the instant action. *See* Notice of a Related Action (Doc. 18).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

- "Schwartz does not allege how ADP engaged in a deceptive or unfair practice, how those specific practices caused him to suffer damages, or the actual damages suffered";

- "Schwartz likewise fails to allege how ADP's alleged conduct constituted unfair method of competition, or unconscionable, deceptive, or unfair acts or practices"; and

- "It is not possible for Schwartz to satisfy the damages element of a FDUTPA claim…"

First Motion to Dismiss (Doc. 11), page 23.

Schwartz conceded.  As of that moment, Schwartz was on notice that he could not state a claim. Two weeks later, Schwartz filed his First Amended Verified Complaint (Doc. 16).  As Schwartz had no evidence and had conducted no discovery, not much had changed.

Defendants filed a <u>second</u> Motion to Dismiss Amended Complaint (Doc. 19) ("Second Motion to Dismiss") which, again, argued:

- "Schwartz does not allege how ADP engaged in a deceptive or unfair practice, how those specific practices caused him to suffer damages, or the actual damages suffered";

- "Schwartz likewise fails to allege how ADP's alleged conduct constituted unfair method of competition, or unconscionable, deceptive, or unfair acts or practices"; and

- "It is not possible for Schwartz to satisfy the damages element of a FDUTPA claim…"

Second Motion to Dismiss (Doc. 19), page 20-21.

Despite his acquiescence to the first Motion to Dismiss only weeks earlier, this time, Schwartz filed an Opposition sharply asserting that "ADP

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

baldly argues… authorities not on point" and "explanations [which] lack merit and ring hollow" (Doc. 21, page 1-2). Schwartz's strategy, in attacking Defendants after previously *conceding* the point, is particularly meritless when the Court compares Defendants' nearly identical arguments in the First Motion to Dismiss (Doc. 11 at pages 23) to the Second Motion to Dismiss (Doc. 19 at pages 20-21). The Court disagreed with Schwartz and squarely put him on notice that Defendants' authorities *were* on point.

Specifically, on July 26, 2021, this Honorable Court entered an Opinion and Order (Doc. 36) ("First Order of Dismissal") dismissing *inter alia* the Plaintiff's FDUTPA Counts.  The Court noted that, "[a] few years ago, [the parties'] relationship went awry" which led to the state court litigation (discussed below).  First Order of Dismissal (Doc. 36), pages 1-2. The Court noted that Schwartz had claimed that, "[w]hen the state-court litigation got publicity, ADP started hacking into Schwartz's electronic communications and accounts."  *Id.* at page 2.  Unfortunately for Schwartz, he could not describe the subject accounts, facilities, and "like ADP argues, it's unclear which Devices were hacked." *Id.* at pages 4 and 6.  The Court described the centerpiece to Schwartz's case – *Exhibit R to all versions of the complaint* – as "largely unexplained."  *Id.*

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

Specific to the FDUTPA Counts, and consistent with Defendants' First and Second Motions to Dismiss, this Court held:

- "As ADP argues, the Complaint does not plausibly allege that [the alleged practice was likely to deceive a consumer]";

- "…it is unclear how Schwartz was a person misled by ADP's deceptive or unfair conduct in trade or commerce"; and

- "And, the allegations here never identify what Schwartz's damages might be."

   *Id.* at pages 13-14.

The Court advised Schwartz that he could attempt to replead, "**provided such allegations are in good faith**."  *Id.* at page 14 (emphasis added). Schwartz was undeterred.

Before we leave the First Order of Dismissal, it should be noted that the Court concluded by noting that "there is no love lost between these parties" but that there should be no "name calling" nor sanctions "as one brief demands." *Id.* There is nothing in Defendants' Second Motion to Dismiss which involves name calling nor did Defendants seek sanctions. *See* Doc. 19 *but cf.* Schwartz's Opposition to Motion to Dismiss (Doc. 21), pages 7, 11, 14, and 18 and exhibit E (*e.g.*, calling ADP "offensive"; attaching an article written by undersigned counsel to mockingly illustrate "as if counsel for ADP does not know that an iPhone is a mobile telephone device"; describing ADP's argument as "a two-page rambling"; and seeking

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

sanctions because the Second Motion to Dismiss (which was granted) was "a sham pleading and meritless"). The Court, early on, was picking up on Schwartz's animosity arising out of the state court actions.[2]

Schwartz filed his Second Amended Verified Complaint (Doc. 41) ("Second Amended Complaint") which, again, raised FDUTPA counts. Defendants filed a (third) Motion to Dismiss (Doc. 44) which raised the same FDUTPA legal arguments. This time, Defendants included, as exhibit A, a Microsoft Word comparison of the First and Second Amended Complaints (Doc. 44-1) showing that Schwartz had made *de minimus* and conclusory changes which failed to comply with the First Order of Dismissal. Defendants noted that, "[d]istressingly, the Plaintiff simply chose to add limited, conclusory statements to each dismissed count as a meager attempt to satisfy this Court" and that Plaintiff "impermissibly re-incorporates all previous allegations into each subsequent count." (Doc. 44, page 5).

Schwartz's tone became angrier. In the face of the third Motion to Dismiss, Schwartz filed an Opposition (Doc. 46) and bizarrely claimed that,

---

[2] During the pendency of the FDUTPA counts, the state court actions had been pending for years. *See* Complaint (Doc. 1), paragraphs 33-36. To that end, the first 22-pages of the Complaint re-allege Schwartz's state court claims and betray Schwartz's animosity towards the Defendants. Hiding behind the litigation privilege, Schwartz mis-used the federal court system to publish and amplify his grievances. He certainly failed to use the federal court system to try to *prove* anything.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

"Defendants restate the same arguments [which] they argued unsuccessfully in their original motion to dismiss."[3] Schwartz bristled at Defendants' use of the Word Compare exhibit, which Schwartz claimed "falsely state[s] that Plaintiff made no attempt to cure the deficiencies" (Doc. 46, p. 1). Notably, however, Schwartz did not challenge the accuracy of the Word Compare exhibit.[4]

The Court concluded that there was no need to dive back into the numerous defects in Schwartz's pleading and, agreeing with Defendants, the Court dismissed the Second Amended Complaint as a shotgun pleading (Doc. 48; *see also* Doc. 44, page 8).

A month later, in October 2021, Schwartz filed his Third Amended Verified Complaint (Doc. 55) ("Third Amended Complaint").[5] In response, Defendants had to file their <u>fourth</u> Motion to Dismiss again addressing *inter alia* the FDUTPA counts ("Fourth Motion to Dismiss") (Doc. 55, page 3).

---

[3] Again, Schwartz had *conceded* to the First Motion to Dismiss and this Court granted Defendants' Second Motion to Dismiss (Doc. 36). Schwartz's "logic" here is hard to grasp.
[4] The Word Compare exhibit (Doc. 44-1) showed that, relative to the FDUTPA Counts, Schwartz added a case citation (paragraphs 131 and 172) and a list of alleged damages (paragraphs 134 and 176).
[5] If the Court includes the earlier case which Judge Badalamenti dismissed, Document 50 is Schwartz's <u>sixth</u> attempted Complaint.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

Once again, Schwartz's "amendments" were so scant that another Microsoft Word comparison of the two most recent versions of the complaints showed that they were nearly identical (Doc. 55-1).[6]  Relative to the FDUTPA Counts, Defendants summarized that, harking back to the First Order of Dismissal, "Schwartz was required to amend two parts of these Counts: (a) show how he was misled outside of the employment and litigation context and (b) plead some actual damages." Fourth Motion to Dismiss (Doc. 55), page 14.  Unfortunately for him, "Schwartz adds words to paragraph 134 of the Third Amended Complaint but they are insufficient"; Schwartz made new damages claims but did not explain them; and Schwartz asked for consequential damages. *Id.* at pages 14-15.

Schwartz filed a Brief In Opposition to Defendants' Motion to Dismiss Third Amended Complaint [etc] ("Opposition to Defendants Fourth Motion to Dismiss") (Doc. 56) and, again, bafflingly advanced the same claim that "Defendants restate the same arguments [which] they argued unsuccessfully in their original motion to dismiss" (Doc. 56, page 1).[7] Schwartz also defiantly repeated his argument that Defendants "falsely

---

[6] Schwartz's stubbornness in refusing to make good faith amendments leaps off the page when the Court holds up Defendants' first Word Compare exhibit (Doc. 44-1) (comparing the first and second amended complaints) and compares that to the second Word Compare exhibit (Doc. 55-1) (comparing the second and third amended complaints).

[7] Schwartz is being impudent with the Court (see fn. 4). By the time Schwartz attempted this whitewashing a second time, the Court had twice dismissed his complaint (Docs. 36 and 48).

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

state that Plaintiff made no attempt to cure" and, to up the ante, Schwartz brazenly claimed this time that the Microsoft Word compare exhibit actually showed "*a careful attempt* by Plaintiff to provide each of the allegations the Court deemed necessary to state a claim on 10 of the 12 claims" (Doc. 56, page 2) (emphasis added).  This Court was not deceived.

On December 3, 2021, this Honorable Court entered an Opinion and Order which dismissed the FDUTPA counts with prejudice. (Doc. 57) ("Third Order of Dismissal"). The Court ratified what Defendants had been arguing for eight months: "**Schwartz—a litigant with counsel—failed to correct the pleading deficiencies despite three amendments over the last eight months**." *Id.* at page 14 (emphasis added).

Relative to the FDUTPA counts, the Court cited the same case law and wrote that, "**as before** – it is still unclear how the alleged deceptive or unfair conduct fell within trade or commerce." *Id.* at page 9 (emphasis added). "But again, there is no explanation how that has anything to do with trade or commerce." *Id.* The Court held that "on its face" Schwartz's hacking claims did not fit the statute. *Id.* at pages 9-10.  Citing back to the Second Order to Dismiss, the Court held, "[b]ecause the Complaint doesn't allege ADP's conduct was in trade or commerce, it fails to state FDUTPA claims." *Id.* at page 10.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

The Court interpreted that Schwartz was (improperly) seeking another chance to amend but concluded, "**Schwartz offered the same empty-handed promise** that amendment would explain the FDUTPA theory. But the Complaint didn't follow through." *Id.* at page 11 (emphasis added).

It should also be noted that Schwartz begged this Court to avoid dismissal on the grounds that he needed "discovery to complete the factual development about how this hacking played into ADP's fraud." *Id.* at pages 11-12 (citing Doc. 56, page 8). To avoid a dispositive ruling, Schwartz promised that he needed another chance to "provide an explanation of how he believes the hacking occurred, its motivation, and how it is connected to his whistleblowing activities." *Id.* at page 12 (citing Doc. 56, page 8).

On the heels of these motions to dismiss (and resulting dismissals), a good faith litigant would have immediately sought discovery, subpoenaed Apple, Inc. ("Apple") (as they claimed they were desiring to do), or retained an expert. None of that happened.

Completing the pattern, in the Summer 2022, Schwartz made the same empty arguments to perpetuate litigation and avoid summary judgment (*see* Doc. 107, page 2, where this Court generously granted relief, "So he needs time to take depositions and conduct more discovery in response. What's more, Plaintiff identifies a host of issues he intends to

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

probe."). Schwartz promised a litany of things at all stages to this Court to simply keep the case alive. Each time Schwartz acted in bad faith; retrospectively, the Court cannot look back and conclude that, in 2021, Schwartz was being truthful.

The timing of Schwartz's promises is also indicative of bad faith. Schwartz made the aforementioned claims that (a) he could file another amendment setting out the necessary <u>facts</u> to survive dismissal and that, according to his November 11, 2021 Opposition to Defendants' Fourth Motion to Dismiss (Doc. 56), (b) he needed more discovery.[8]

In November – December 2021, Schwartz could not plausibly allege <u>facts</u> in another amended pleading because he lacked *any* facts of how the "hacking occurred, its motivation, and how it is connected to his whistleblowing activities." We know that because, while he was making promises to the Court about how he could provide forthcoming facts in a pleading, Defendants asked him that very question in discovery and Schwartz could not produce facts. In Automatic's first set of interrogatories (October 14, 2021), Schwartz was asked to state the basis for his claim,

---

[8] Once in suit, Schwartz was so concerned about vindicating his FDUTPA rights that he apparently forgot to pursue any discovery mentioning FDUTPA. Between April – December 2021, Schwartz served only six interrogatory questions. Nothing else. None of those interrogatories mention FDUTPA. Disinterested and disengaged during the eight month period while he was struggling to state a cause of action, Schwartz made zero effort to find evidence supporting a FDUTPA claim. Schwartz served no other discovery at all until 2022.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

other than Exhibit R, that Defendants were hacking him.  If Schwartz actually had such <u>facts,</u> as he was claiming to the Court in his November 11, 2021 Opposition to Fourth Motion to Dismiss, his November 15, 2021 answer to that interrogatory would have been replete with <u>facts</u>.  None were provided. When Defendants moved to compel a better response to that very interrogatory, the Court concluded that, "Plaintiff has not provided *any* support for his allegations, which is the clear intent of the interrogatory." (Doc. 78, page 3) (emphasis original).

Schwartz finally answered Automatic's October 2021 interrogatory (six months later) in April 2022 at which time he admitted, "[a]t this time, other than Exhibit R to the operative complaint, [...] Plaintiff has nothing further at this time." Schwartz never supplemented that response nor provided contrary material evidence in his opposition to summary judgment (*see* Doc. 96 noting that Schwartz failed to dispute Defendants' list of undisputed facts).  From the beginning to the end of this case, Schwartz had no facts to substantiate that he was being hacked; yet, he promised this Court in November 2021 that, to avoid a dispositive ruling, he was ready to plead "facts."  Schwartz knew it was untrue when he wrote those words.

As to Schwartz's claim that he could plead facts about the "motivation" behind the hacking, even by May 2022, Schwartz could not

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

even identify any person involved, much less their state of mind.   *See* Renewed Motion for Summary Judgment, Doc. 125, page 8-9, fn. 14 and exhibit J.   Yet, again, back in November 2021, Schwartz was falsely promising that he could plead <u>facts</u> (which he never had) if the Court would aid him in perpetuating the litigation.

Turning to Schwartz's other false promise in November 2021, Schwartz sought more time on the grounds that he needed "discovery to complete the factual development about how this hacking played into ADP's fraud." Third Order of Dismissal, pages 11-12 (citing Doc. 56, page 8).   In lieu of acting upon his promise, Schwartz sat back until January 2022 to serve discovery (which he ultimately withdrew).   This was another promise from Schwartz which he never fulfilled (and shows his disinterest in proving his own fanciful theory).

To illustrate Schwartz's deception towards this Court, Schwartz alleged in each version of the complaint that, in one of the State Court Cases, ADP had objected to Schwartz's subpoena to Apple.[9] Schwartz's implication was that ADP was trying to hide something.   ADP's objection, meanwhile, was simply that Schwartz was trying to conduct discovery

---

[9] *See* Docs. 1, 16, 41, and 50 (paragraph 74 in each complaint). Despite the fact that Defendants had issued their subpoena to Apple on August 3, 2021, Schwartz maintained this same allegation in the Second and Third Amended Complaints (Docs. 41 and 50) which were filed <u>after</u> Defendants' subpoena to Apple.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

relevant to this case in one of the State Court Cases. While complaining about it here, Schwartz never had ADP's objection heard by the judge in the State Court Cases. Meanwhile, in this action, Schwartz never served his own subpoena to Apple. Schwartz left this Court with a false implication about ADP in hopes of turning the Court's ire on one or both Defendants.

## **Defendants' Entitlement to Attorney's Fees and Costs**

The Defendants were the prevailing parties relative to Schwartz's two FDUTPA counts. FDUTPA provides for fee shifting in favor of the prevailing party. § 501.2105(1), Fla. Stat. (2020). *See* Local Rule 7.01(b)(1).  Between April – December 2021, the Defendants were forced to defend and litigate against these statutory claims. In determining whether to exercise its discretion, the Court should consider these factors:

1. the scope and history of the litigation;

2. the ability of the opposing party to satisfy an award of fees;

3. whether an award of fees against the opposing party would deter others from acting in similar circumstances;

4. the merits of the respective positions – including the degree of the opposing party's culpability or bad faith;

5. whether the claim brought was not in subjective bad faith but was frivolous, unreasonable or groundless;

6. whether the defense raised a defense mainly to frustrate or stall; and

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

7. whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Day v. Sarasota Doctors Hosp., Inc.*, 2021 WL 7450526, *3 (M.D. Fla. Aug. 12, 2021) ("*Day v. Sarasota Doctors*") (citing *Humane Soc. Of Broward County, Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 971-972 (Fla. 4th DCA 2007)), *report and recommendation adopted,* 2021 WL 7450506 (M.D. Fla. Sept. 1, 2021).

As Magistrate Bruce Reinhert in the Southern District recently wrote:

> In assessing whether these factors support a fee award, there is a spectrum of cases. At one extreme would be a case brought in subjective bad faith, perhaps for commercial advantage or economic extortion. At the other extreme would be a case brought in good faith to pursue a novel legal or factual theory that is a reasonable extension of existing law but is ultimately rejected by the court. Fee awards should be imposed to deter the former case but not the latter.

*DJ Lincoln Enterprises, Inc. v. Google, LLC*, 2022 WL 4287640, *5 (S.D. Fla. July 28, 2022). This case falls into the former category.

As for the **first factor** (scope and history), the Plaintiff's refusal to appropriately re-plead, consistent with the Court's instruction to only re-file the FDUTPA counts "in good faith" (Doc. 36, page 14; Doc. 48), needlessly and baselessly perpetuated and extended the scope of litigation. All of Defendants' motions to dismiss were conceded to or granted (Docs. 36, 48, and 57). Defendants' motions appropriately responded to Schwartz's unreasonable amendments and did not broaden the scope of

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

litigation. *Cf. Day v. Sarasota Doctors*, 2021 WL 7450526, *4. The Plaintiff filed no motions against the Defendants. However, Schwartz (needlessly and baselessly) extended litigation through various oppositions to dismissal.

Finally, Schwartz repeatedly failed to address Defendants' arguments about the lack of FDUTPA damages even after the Court required Schwartz to only amend "in good faith." *See Resources Management Group, LLC v. Econatura All Healthy World, LLC*, 2022 WL 1537757, *3 (S.D. Fla. May 12, 2022)("*Healthcare Resources v. Econatura*"). This factor clearly favors the shifting of attorney's fees.

As for the **second factor** (ability to pay), because of Schwartz's (ultimately compelled) admissions in discovery, Defendants did not take Schwartz's deposition. For that reason, there is no discovery as to Schwartz's ability to pay. Defendants would point to the fact that Schwartz has, for several years, had counsel representing him as the defendant in two State Court Cases and in this case. *See Healthcare Resources v. Econatura*, 2022 WL 1537757, *7 ("… the Court notes that Plaintiff continues to litigate this case through counsel and apparently has sufficient funds to continue advancing its position in this litigation.").

Simultaneous with this Motion, Defendants seek limited discovery on this factor in the form of a limited deposition and written discovery. *See*

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

*Day v. Sarasota Doctors,* 2021 WL 7450526, *5 ("defendants could have sought limited discovery on this issue prior to or contemporaneous with, the filing of this motion..."). Currently, this factor is neutral as to the shifting of attorney's fees.

Relative to the **third factor** (deter others), this Motion is predicated not simply on the fact that Defendants are the prevailing party but because Schwartz failed to heed the instructions from the Court (to only amend in good faith) and Schwartz tried to perpetuate litigation by deceiving the Court.

As discussed above, Schwartz twice falsely painted Defendants' dismissal arguments as "unsuccessful" and mislead the Court with misleading claims about Defendants supposedly trying to hide evidence. When confronted with Microsoft Word compare exhibits, Schwartz audaciously claimed that they proved his careful efforts to amend. Much more seriously, in November 2021, Schwartz made false promises to the Court that he could better plead <u>facts</u> (when he had none and could *never* produce any) and that he needed additional time for discovery (which he was not actually undertaking).

The deterrence is based upon Schwartz's bad faith intent which was designed to (on his part) effortlessly keep the litigation alive so as to cost Defendants time and expense. In the larger context of the litigation history

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

and the state court cases, Schwartz's malice is evident.  Whether a party is a single person or a corporate entity, Schwartz proved that he could perpetuate litigation without a good faith basis simply to cause financial harm to the opposing party.  "Plaintiff should face the consequences of maintaining a FDUTPA claim that is utterly devoid of supporting evidence." *Healthcare Resources v. Econatura,* 2022 WL 1537757, *8. Deterring such abuse of process is warranted.  This factor weighs in favor of shifting fees.

Relative to the **fourth factor** (culpability or bad faith), this factor weighs in favor of shifting fees as described above.

As to the **fifth factor** (frivolous, unreasonable or groundless), Schwartz *never* had any factual basis for his claims and never seriously pursued any effort to find such a basis.  A party "need not show that the claims were frivolous but can merely be 'groundless.'" *Healthcare Resources v. Econatura,* 2022 WL 1537757, *3 (citations omitted).  For the reasons stated above, the shifting of attorney's fees is supported by this factor.

The **sixth factor** (a defense to frustrate or stall) does not apply.  *Day v. Sarasota Doctors,* 2021 WL 7450526, *7 ("this factor has no bearing on a case when the defendant is the prevailing party) (citations omitted) (cleaned up).

{10980497: }                              21

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

As for the **seventh factor**, Schwartz's claim was brought for his own self-interest and not to resolve a significant legal question under FDUTPA law. This factor weighs in favor of shifting attorney fees.

## ALTERNATIVE ARGUMENT

The Court has more than one option as to when to set the start date of Schwartz's culpability and bad faith (*e.g.*, inception of the case; receipt of the First Order of Dismissal; or receipt of the Second Order of Dismissal). Taken in context, however, Schwartz's bad actions cumulatively date back to the inception of this case in April 2021 and hang precipitously until the FDUTPA counts were dismissed with prejudice in December 2021.

## CONCLUSION

Defendants have filed this Motion; a Motion to Determine Entitlement to Reasonable Statutory Attorney's Fees Under ERISA (Doc. 142); and a Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1927 and this Court's Inherent Authority (Doc. 137). The Court will determine which authority shifts attorney's fees and whether Schwartz and/or his lawyer(s) (or all of them, jointly and severally) are liable.

At the end of this case, it was revealed that Schwartz never had evidence that Defendants did anything wrong. While Exhibit R to the various complaints was the centerpiece of his conspiracy theory, Schwartz

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

never did anything with it. The Court described Exhibit R as "largely unexplained" (Doc. 36, p. 4) and Schwartz never took a step to explain it (*e.g.*, no subpoena or even informal request to Apple, Inc.; no deposition of an Apple representative; no expert).

With the benefit of that perspective, the Court can look backwards at Schwartz's behavior during the pendency of the FDUTPA counts to interpret Schwartz's bad faith actions.

There are four integral parts to Schwartz's abuse of process warranting the award of statutory fees. One, Schwartz re-filed barely modified, verified complaints despite repeated warnings from the Court to only amend if there was a good faith basis. Two, Schwartz made false and misleading claims to the Court simply to perpetuate the lawsuit. Three, facing dismissal with prejudice, Schwartz made false promises in November 2021 that he would plead "facts" if he could just keep the case alive despite the fact that, as we now know, he did not have any "facts" to plead (now or then). Instead, he was objecting to and dodging discovery to avoid revealing that he was "empty-handed" (Doc. 57). Fourth, we see that Schwartz never sought any discovery while the FDUTPA counts were pending. Taken as a whole, and given the Court's recognition of Schwartz's malice arising out of the State Court Cases, these are the acts of a bad faith litigant.

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

Undersigned counsel has reviewed the invoices for attorney time spent between April – December 2021 and has attempted to reduce any time which appeared unrelated to the FDUTPA counts.  To simplify the issues and reduce judicial labor,[10] Defendants are not seeking paralegal fees or taxable costs.  Defendants estimate that there is $60,000 in attorney's fees owed by Plaintiff to Defendants as prevailing parties under FDUTPA (only).

WHEREFORE, for the reasons set forth in this Motion, Defendants seek an order of entitlement to attorney's fees for reasonable lawyer-time expended between April – December 2021 relative to the Plaintiff's FDUTPA counts.

Dated: February 10, 2023

Respectfully submitted,
MCDONALD HOPKINS, LLC
*Attorneys for Defendants*
/s/  *Christopher B. Hopkins*
Christopher B. Hopkins #116122
chopkins@mcdonaldhopkins.com
Craig S. Distel #105098
cdistel@mcdonaldhopkins.com
Mario M. Ruiz #894590
mruiz@mcdonaldhopkins.com

---

[10] It is undersigned counsel's experience that courts are often called upon to spend significant time reviewing attorney time entries and invoices relative to fee motions which often results in lengthy orders setting out various calculations and the reasons for any deductions. As perhaps best exemplified by this Court's orders in FSLA fee disputes, this often leads to significant sparring (and work) over modest sums. While Plaintiff should be held responsible for prevailing party fees, Defendants wish to streamline these issues.

{10980497: }                                          24

*Schwartz v. ADP, Automatic* 21-CV-00283-SPC-MRM
Defendants' Motion for Reasonable Attorney's Fees and Costs

501 S. Flagler Drive, Suite 200
West Palm Beach, FL 33401
Tel: (561) 472-2121
Fax: (561) 472-2122

## RULE 3.01(g) CERTIFICATION

Defendants, by and through counsel, certify that they conferred with Schwartz's counsel on Friday, February 10, 2023 via a scheduled telephone conference regarding this Motion and the parties were unable to reach a compromise.

By: *Christopher B. Hopkins*
Christopher B. Hopkins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk using the CM/ECF system, which will send an electronic notice of filing to all attorneys of record on February 10, 2023.

By: *Christopher B. Hopkins*
Christopher B. Hopkins